# United States Court of Appeals
## For the First Circuit

No. 01-1441

HECTOR SERRA-LUGO,

Plaintiff, Appellant,

v.

MAYAGUEZ CONSORTIUM-LAS MARIAS, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Raymond L. Acosta, U.S. District Judge]

Before

Torruella, Circuit Judge,
Kravitch,[*] Senior Circuit Judge,
and Lynch, Circuit Judge.

Israel Roldan Gonzalez, on brief for appellants.
Juan Rafael González-Muñoz, on brief for appellees Mayaguez
Consortium-Las Marias and Municipality of Mayaguez, and appellees
Rodriguez and Martinez in their official capacities.
Roberto J. Sanchez Ramos, Solicitor General, and Vanessa Lugo
Flores and Sylvia Roger-Stefani, Deputy Solicitors General, on brief
for appellees Rodriguez and Martinez in their personal capacities.

---

[*]Of the Eleventh Circuit, sitting by designation.

October 30, 2001

**Per Curiam**.    Hector Serra-Lugo appeals from the dismissal of his civil rights suit, claiming political discrimination and harassment, brought against the municipality of Mayaguez and certain municipal employees.  The action was filed on April 14, 2000.  The district court issued an order on July 20, 2000 which scheduled the initial scheduling conference and required the filing of a memorandum.  That order warned the parties that the failure to comply with the terms of the order could result in the imposition of sanctions, including but not limited to, the dismissal of the complaint.  Nonetheless, plaintiff failed to comply with that order in a timely fashion. In addition, plaintiff's counsel was absent from the initial scheduling conference, although he was aware his attendance was required.  The trial judge then imposed sanctions on plaintiff's counsel for his failure to appear and file a timely memorandum. However, that did not end the plaintiff's failure to comply with court orders.  Plaintiff was late in answering interrogatories, failed to do the deposition work within the time frames set by the court, failed to file a joint status report, and failed to

-2-

produce documents requested through discovery in a timely fashion.

Not surprisingly, the district court dismissed the complaint with prejudice under Fed. R. Civ. P. 37(b)(2)(C) and Local Rule 314.4 of the United States District Court for the District of Puerto Rico.

We review such dismissals for abuse of discretion. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976) (per curiam). While dismissal with prejudice is a drastic sanction, it is one that is available to the district courts. Id. at 643. Plaintiff says that at most he is guilty of complying with the court's order in "a somewhat relaxed manner" and that a lesser penalty should have sufficed. Plaintiff also argues that because the court earlier accepted his counsel's apology for failure to attend the initial scheduling conference, that failure should be excused. Finally, plaintiff says that the defendants did not specifically request the dismissal of the case.

The district court was well within its discretion in dismissing the case after repeated violations of its orders and after having warned plaintiff of the consequences of non-

compliance. The court has its own interest in securing compliance with its orders. Counsel who choose to disregard the orders of the district court place themselves and their clients at risk. There was no abuse of discretion here. The patience of the district court had been exhausted, for good reason.

Affirmed.