**ENVISIONET COMPUTER SERVICES, INC., Appellant,**

**v.**

**ECS FUNDING LLC, Village Ventures, Inc., Keystone Venture V, L.P., and TSG Equity Fund, L.P., Appellees.**

**No. CIV. 02-196-P-C.**

United States District Court, D. Maine.

Nov. 21, 2002.

Benjamin E. Marcus, Esq., Drummond, Woodsum & MacMahon, Gayle H. Allen, Esq., Verrill & Dana, Fred W. Bopp, III, Esq., Perkins, Thompson, Hinckley & Keddy, Portland, OR, for appellees.

## MEMORANDUM OF DECISION AND ORDER DENYING APPELLANT'S MOTION FOR EXTENSION OF TIME

GENE CARTER, District Judge.

Appellant/Debtor EnvisioNet Computer Services, Inc. has moved for an Extension of Time to File the Designation of the Record on Appeal, arguing that it has made the requisite showing of excusable neglect pursuant to Bankruptcy Rule 9006. *See* Pleading No. 2. Appellees ECS Funding LLC, Village Ventures, Inc., Keystone Venture V, L.P., and TSG Equity Fund, L.P. have objected to the Court granting such extension, claiming that Appellant has made no showing of excusable neglect. *See* Pleading No. 4. The Court does not find there to be any excusable neglect and will, therefore, deny Appellant's motion and dismiss Appellant's appeal.

### I. FACTS

On June 19, 2002, Appellant/Debtor filed with the United States Bankruptcy Court for the District of Maine a Complaint To Surcharge Defendants And/or Defendants' Collateral Pursuant to 11 U.S.C. § 506(c). On or about July 23, 2002, ECS Funding filed an Answer to the Complaint with the bankruptcy court and Keystone Venture V, Village Ventures, and TSG Equity Fund filed a Motion to Dismiss the Complaint. Appellant/Debtor timely filed an objection to the Motion to Dismiss. By Order of Dismissal dated August 7, 2002, the bankruptcy court dismissed the Complaint.

On August 19, 2002, Appellant/Debtor timely filed with the bankruptcy court a Notice of Appeal with respect to the August 7, 2002, Order. On or about September 18, 2002, counsel for the Debtor realized that he had failed to file the required designation of items to be included in the record on appeal and statement of the issues. At that time, Debtor's counsel contacted counsel for Keystone Venture V, and requested that Keystone, Village Ventures, and TSG Equity Fund not file a motion to dismiss the appeal as a result of the Debtor's failure to file a designation of items to be included in the record on appeal. Keystone apparently agreed not to file such a motion prior to the close of business on September 23, 2002.

On September 23, 2002, the Bankruptcy Court entered a Certification of Default Order. Apparently unaware of the Certification of Default, on September 24, 2002, Appellant/Debtor filed with the Bankruptcy Court the Appellant's Designation of Items To Be Included In The Record On Appeal and Statement of Issues To Be Presented. Also on September 24, 2002, the Bankruptcy Appellate Panel for the First Circuit ("BAP") entered a Conditional Order of Dismissal which provides that "this appeal will be DISMISSED FOURTEEN (14) days from the date of this Order for failure to prosecute, unless, prior thereto, the Appellant shows good cause why this appeal should not be dismissed." The next day, September 25, 2002, Appellees elected to have the appeal heard by this Court. On even date the BAP transferred the case to this Court. Now before the Court is Appellants Motion for *Nunc Pro Tunc* Extension of Time to File Designation and Objection to Conditional Order of Dismissal.[1] *See* Pleading No. 2.

1. With respect to the Conditional Order of Dismissal, Appellant contends that although the BAP had jurisdiction to enter that order, the BAP was stripped of jurisdiction to dismiss the appeal as a result of Appellees' election to proceed in the District Court. Appellant asks this Court to vacate the BAP's Conditional Order of Dismissal. Because the Court has considered Appellant's Motion for Extension of Time under the excusable neglect standard set out in 9006(b)(1)(2), the Court finds it unnecessary to address Appel-

## II. Discretion to Dismiss a Bankruptcy Appeal Under Rule 8001(a)

Federal Rule of Bankruptcy Procedure 8006 requires appellants to "file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented" within ten (10) days of filing a notice of appeal. Fed. R. Bankr.P. 8006. Rule 8006 further requires appellants to "provide to the clerk a copy of the items designated" and arrange for any transcripts to be delivered to the clerk. *See id.* Rule 8001(a) states that "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court ... deems appropriate, which may include dismissal of the appeal." Unlike the time limitations for filing a notice of appeal, the time limitations of Rules 8006 are not jurisdictional. Hence, this Court is not required automatically to dismiss the appeal of a party who has failed to meet those deadlines, but rather, the court should exercise discretion to determine whether dismissal is appropriate in the circumstances.

### A. Excusable Neglect

■ There is no question that Appellant has failed to file a designation of the record and a statement of the issues within the ten-day period provided by the rule. Bankruptcy Rule 9006(b)(1)(2) provides that "on motion made after the expiration of the specified period [the court may] permit the act to be done where the failure to act was the result of excusable neglect." Fed. R. Bankr.P. 9006(b)(1)(2). Appellant has now made a Rule 9006(b) motion. In making this determination of whether excusable neglect exists, the Court will consider all the relevant circumstances including: "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Investment Services Co. v. Brunswick Associates Ltd.*, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993). If Appellant fails to make the required showing, this Court may, in its discretion, dismiss the appeal. *See* Fed. R. Bank. P. 8001(a).

#### 1. Reason for the Delay

■ Although it is generally understood that the *Pioneer* standard is more lenient than the prior case law on excusable neglect, there still must be a satisfactory explanation for the late filing. The First Circuit has observed that " '[t]he four Pioneer factors do not carry equal weight; the excuse given for the late filing must have the greatest import. While prejudice, length of delay, and good faith might have more relevance in a closer case, the reason-for-delay factor will always be critical to the inquiry ....' " *Graphic Communications International Union v. Quebecor Printing Providence,* 270 F.3d 1, 6 (1st Cir.2001) (quoting *Hosp. del Maestro v. National Labor Relations Board,* 263 F.3d 173, 175 (1st Cir.2001) (*per curiam*) (internal citations omitted)). This focus comports with the *Pioneer* Court's recognition that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer,* 507 U.S. at 392, 113 S.Ct. 1489, 123 L.Ed.2d 74. Here, Appellant's counsel states that the delay resulted from his

lant's objection to the Conditional Order of Dismissal issued by the BAP on September 24, 2002.

failure to calendar the ten-day deadline for filing the designation. Counsel's excuse for having failed to file a timely designation is not compelling. The First Circuit has repeatedly upheld findings of "no excusable neglect" where the court cited the absence of unique or extraordinary circumstances. *See Graphic Communications International Union,* 270 F.3d at 6; *Mirpuri v. ACT Manufacturing, Inc.,* 212 F.3d 624, 631 (1st Cir.2000). Given Rule 8006's clear statement of the filing requirements, the failure of Appellant's counsel to calendar a deadline does not amount to a unique or extraordinary circumstance.

### 2. Length of the Delay and Resulting Prejudice

Appellant argues that the three other factors the Court should consider militate in favor of excusing the late filing of the record designation. Although this is not a close case necessitating the consideration of the other factors, the Court's determination of whether Appellant's neglect is excusable "is at bottom an equitable one" and, thus, will "tak[e] account of all relevant circumstances surrounding the party's omission," *Pioneer,* 507 U.S. at 395, 113 S.Ct. 1489, 123 L.Ed.2d 74. Appellant argues that there is no prejudice to Appellees from the late filing of the Designation and that the twenty-six-day delay in the proceedings is *de minimis* in the overall context of the case. Appellees disagree, responding that they have been prejudiced by the delay in resolving the issues presented in this case. The Court concludes that Appellant's one-month delay in filing the designation and the additional time necessary to resolve Appellant's instant Motion to Extend Time prejudiced both Appellees and the efficient administration of justice.

### 3. Good Faith

Appellant's counsel points to his telephone conversation with counsel for Keystone to brace the argument that he acted in good faith once he realized that he failed to timely file the designation. Although Appellant's counsel apparently realized that he had failed to file the required designation on September 18, it was not until one week later, on September 24, that he actually filed the designation. Appellant's counsel claims that the further delay of one week was the result of his choice to wait until he had made a final decision regarding whether to dismiss three of the members of ECS Funding. Contemplation of that choice did not in any way prohibit Appellant from filing the already tardy designation. The designation may have been over inclusive if Appellant had ultimately dismissed the members of ECS Funding, but it would have shown that Appellant's counsel understood the importance of filing the designation. The additional delay in filing the designation demonstrates a lack of good faith on the part of Appellant.[2] The Court finds,

2. Appellant also asserts in its Reply Memoranda that Appellees waived any objection to Appellant's motion because their response was not timely filed. Appellees filed their response on October 30, 2002. On October 30, 2002, the date indicated on the Court's electronic record system—PACER—as the Appellees' deadline for filing their response was October 30, 2002. On October 31, 2002, Michael Gartland, attorney for Appellant, called the Clerk of Courts Office to report an error in the electronic docket of this case. Attorney Gartland pointed out that his motion was filed on October 8, 2002 at 5:51 p.m. and should have been entered on the docket as having been filed on that date instead of October 9, 2002, as was reflected by the electronic docket. If Appellant's motion had been docketed correctly, Appellees' response would have been due on October 29, 2002. The clerical error was noted on the docket on October 31, 2002.

The Court does not find that Appellees' response filed on October 30, 2002, was untime-

therefore, that Appellant has not acted in good faith in seeking to remedy the late designation.

### III. Conclusion

The Court finds no excusable neglect in Appellant's untimely filed designation and statement of issues. Therefore, although the dismissal of the appeal is a severe sanction, it is appropriate under the circumstances.[3] The Court **ORDERS** that Appellant's Motion for Extension of Time be, and it is hereby, **DENIED.** The Court further **ORDERS** that Appellant's bankruptcy appeal be, and it is hereby, **DISMISSED.**

ly, as Appellant argues, since it was timely filed based on the deadline represented in the electronic docket. Appellees are certainly entitled to rely on the PACER system to accurately verify the filings in the case. *See Hollins v. Dept. of Corrections*, 191 F.3d 1324, 1328–29 (11th Cir.1999). While it was entirely reasonable to point out the clerical error, a lack of good faith is exemplified in the attempt to use the clerical error as a basis to argue that Appellees' response was untimely filed.

3. Appellant's counsel argues that it would be unfair to hold his client responsible for his mistake. The Court need not consider the impact to a client of a sanction imposed in response to the act or omission of the client's attorney. *See Pioneer*, 507 U.S. at 396–97, 113 S.Ct. 1489, 123 L.Ed.2d 74 ("[C]lients must be held accountable for the acts and omissions of their attorneys.").