Indigo America v. Londonderry Tech.    CV-02-122-JD  10/01/03
                    UNITED STATES DISTRICT COURT FOR THE
                             DISTRICT OF NEW HAMPSHIRE


Indigo America, Inc.

        v.                                  Civil No. 02-122-JD
                                            Opinion No. 2003 DNH 167
Londonderry Technologies, LLC


                              O R D E R


     Londonderry Technologies, LLC, moves to dismiss the claims

brought by Indigo America, Inc., as a sanction under Federal Rule

of Civil Procedure 37(b)(2)(C).  Londonderry Technologies also

moves to preclude Indigo from presenting expert testimony.

Indigo objects to both motions.


I.  Motion to Dismiss

     On July 30, 2003, the magistrate judge granted Londonderry

Technologies's motion to compel Indigo to answer its

interrogatories and ordered compliance within ten business days.

In its objection to the motion to dismiss, Indigo represents that

it sent its answers to Londonderry Technologies by overnight mail

on August 15, 2003.  As such, Indigo contends that it provided

its interrogatory answers within the time allowed by the

magistrate judge's order.

     In making its time calculation, Indigo used the so-called

mailing rule provided by Federal Rule of Civil Procedure 6(e).

Rule 6(e) adds three days to the time allowed under Rule 6(a)

when "a party has the right or is required to do some act or take

some proceedings within a prescribed period after <u>the service of</u>

<u>a notice or other paper upon the party</u>. . . ." Fed. R. Civ. P.

6(e) (emphasis added). Since there is no indication that the

magistrate judge's order was <u>served</u> upon Indigo, pursuant to

Federal Rule of Civil Procedure 5(b)(2)(B), (C) or (D), Rule 6(e)

would not appear to apply in this situation. In the absence of

the mailing rule, Indigo's answers were due on August 13, 2002,

two or three days before the answers were provided to Londonderry

Technologies.

Federal Rule of Civil Procedure 37(b)(2)(C) provides for

dismissal of the action, along with other sanctions that may be

brought to bear against a disobedient party. <u>See</u> <u>Young v.</u>

<u>Gordon</u>, 330 F.3d 76, 81 (1st Cir. 2003). Dismissal is a drastic

sanction, however, and courts should use less severe measures

except in extreme circumstances. <u>Pomales v. Celulares</u>

<u>Telefonica, Inc.</u>, 342 F.3d 44, 48 (1st Cir. 2003). In deciding

an appropriate sanction, the court should consider the totality

of the circumstances, including whether the party has repeatedly

violated the court's discovery orders. <u>See</u> <u>Young</u>, 330 F.3d at

82; <u>Serra-Lugo v. Consortium-Las Marias</u>, 271 F.3d 5, 6 (1st Cir.

2

2001).

In this case, Indigo's failure to provide its answers within the time allowed by the magistrate judge's order appears to have been a mistake, not a willful choice to violate the terms of the order. Based on the present motion and the response, the sanction of dismissal does not appear to be appropriate here. Because no other sanction was requested, none will be imposed.

II. Motion to Preclude Expert Testimony

Londonderry Technologies moves to preclude Indigo from presenting any expert testimony due to Indigo's failure to disclose an expert witness before the deadline of August 1, 2003. The plaintiff's expert disclosure deadline was extended from August 30, 2002, to May 1, 2003, and then to August 1, 2003. Indigo does not dispute the existence of the disclosure deadline or its failure to comply.

In its objection to Londonderry Technologies's motion, Indigo indicates that it intends to rely on expert testimony from "personnel at Robert Marcus Loss Adjusters, Inc.," to establish damages at trial.[1] Indigo attached copies of reports that it

---

[1] Indigo may also attempt to use other parties' expert witnesses on liability. The testimony of those experts, however, is limited by the scope of their disclosures, which apparently does not include offering opinions as to Indigo. See Fed. R.

considered to be expert disclosures and asserted that because discovery is ongoing, Londonderry Technologies has not been prejudiced. Londonderry Technologies filed a reply in which it objected to Indigo's purported expert disclosure as not being in compliance with the federal rules.

Expert disclosure is governed by Federal Rule of Civil Procedure 26(a)(2). The materials appended by Indigo to its objection to Londonderry Technologies's motion do not comply with Rule 26(a)(2). In addition, the "disclosure" is nearly a month late. Indigo offers no justification for its failure to comply with the rules and the discovery plan.[2] See Fed. R. Civ. P. 37(c)(1). Under these circumstances, exclusion of expert testimony is an appropriate sanction. See Fed. R. Civ. P. 37(c)(1); Laplace-Bayard v. Batlle, 295 F.3d 157, 161-62 (1st Cir. 2002). Indigo is precluded from offering any expert testimony at trial or in support of or in opposition to any motion.

---

Civ. P. 26(a)(2).

[2]To the extent Indigo attempts to argue that ongoing discovery would prevent prejudice to Londonderry Technologies, the court is not persuaded either that prejudice would not occur or that a casual approach to enforcing the rules is appropriate. See Young, 330 F.3d at 83 ("'[N]o harm, no foul argument' . . . overlooks that the court has an institutional interest in ensuring compliance with its orders.")

<u>Conclusion</u>

For the foregoing reasons, the defendant's motion to dismiss (document no. 36) is denied.  The defendant's motion to preclude expert testimony (document no. 34) is granted.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

October 1, 2003

cc:   Thomas E. Clinton, Esquire
      Dona Feeney, Esquire
      Christine A. Desmarais-Gordon, Esquire
      Brendan J. Malley, Esquire