# United States Court of Appeals

## For the First Circuit

No. 04-2277

ANTONIO RIVERA DIAZ, ANTONIO RIVERA MERCADO,
RAQUEL OLGA RIVERA-MERCADO, YELITZA RIVERA ACEVEDO,
AND PATRICIA RIVERA FALCON,

Plaintiffs, Appellants,

v.

AMERICAN AIRLINES, INC. AND AMERICAN AIRLINES
PENSION PLAN ADMINISTRATION,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Héctor M. Laffitte, U.S. District Judge]

Before

Boudin, Chief Circuit Judge,

Cyr, Senior Circuit Judge,

and Howard, Circuit Judge.

Rafael A. Oliveras-López de Victoria for appellant.
Angel Castillo, Jr., with whom Lisa R. Askowitz, Larissa C.
Garriga-Cesaní, and Morgan, Lewis & Bockius, LLP were on brief for
appellees.

December 28, 2005

**CYR, <u>Senior Circuit Judge</u>**.  The estate of Antonio Rivera Diaz appeals from the district court order which dismissed its claim for decedent's benefits, pursuant to the Employment Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461, as a sanction for disobeying a court order.  We affirm.

**I**

**<u>BACKGROUND</u>**

The decedent had been employed by American Airlines as a flight attendant, but retired in 1991 for health reasons.  Diaz had been covered by an ERISA retirement plan ("the Plan").  American Airlines transmitted notification to Diaz that he had the right to file for pension benefits under the Plan.  However, the notice was addressed to an invalid address, and was never received by Diaz.  In 1998, Diaz filed suit against the Plan in federal district court, demanding equitable relief as well as compensatory and punitive damages, and alleging that the Plan willfully failed to accord him the required notification of his rights under the Plan.  The district court dismissed the complaint, with prejudice, for failure to exhaust administrative remedies, also noting that only equitable relief is available under ERISA, thus Diaz could not recover punitive damages.  On appeal, we affirmed regarding the unavailability of punitive damages, but noted that the dismissal should be without prejudice to refiling the action after Diaz had exhausted his administrative remedies.  <u>Rivera Diaz</u> v. <u>Am.</u>

-2-

Airlines, No. 99-2282, 2000 WL 1022888, at *1 n.3 (1st Cir. July 25, 2000) ("Should plaintiffs later pursue a claim for punitive damages, they may subject themselves to sanctions.").

In due course, Diaz submitted an administrative claim with the Plan. Some five months passed with no response, and Diaz submitted a second suit in federal district court, once again demanding punitive damages. The second suit was dismissed with prejudice as well, for failure to exhaust administrative remedies, and plaintiff's counsel was ordered to remit $1500 as a sanction for ignoring the court's earlier admonition that ERISA does not provide for punitive damages. Diaz appealed once again. We affirmed, but ordered a dismissal without prejudice, stating that "Counsel is, however, admonished to research the case law and take heed of what we said earlier (viz., in his first appeal)" regarding the unavailability of punitive damages under ERISA.

Diaz died in June 2003. In March 2004, before the Plan issued any decision on his administrative claim, the Diaz estate filed a third complaint against the Plan, demanding, inter alia, punitive damages. The Plan moved to dismiss the complaint for failure to heed the courts' admonitions against demanding punitive damages. The district court ordered plaintiffs to show cause why the case should not be dismissed as a sanction. Plaintiffs failed to file a timely response to the show-cause order. In due course, the district court dismissed the case, with prejudice, and imposed

an $1800 fine against plaintiffs' counsel for a "flagrant[]" violation of the repeated court orders stating that plaintiffs could not recover punitive damages. Plaintiffs now appeal from the dismissal order.

## II

### DISCUSSION

Plaintiffs insist that the district court erred in dismissing the complaint, given that (in plaintiffs' view) the Plan unquestionably violated the ERISA disclosure requirements by willfully mailing Diaz the notification of his pension rights to the wrong address, unfairly withholding the pension benefits for twelve years until Diaz's death, and maliciously refusing, for four years, to act on Diaz's administrative complaint. Given these extraordinary circumstances, plaintiffs contend, punitive damages are recoverable under ERISA.

Contrary to the thrust of the plaintiffs' contentions on appeal, the district court did not dismiss the complaint on the merits of the ERISA claim, but due to plaintiffs' repeated failure to comply with a court order, which decision we review only for abuse of discretion. See Chambers v. NASCO, Inc., 501 U.S. 32, 62 (1991) (stating that court may "dismiss an action or claim of a party that fails to prosecute, to comply with the Federal Rules, or to obey an order of the court") (citing Fed. R. Civ. P. 41(b)); Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st

-4-

Cir. 2002). In order to thwart non-compliance with its orders, the court may choose among "a broad universe of possible sanctions," including dismissal with prejudice. Id. Although dismissal, with prejudice, is the harshest of sanctions, its deployment may be appropriate, even absent consideration of lesser sanctions, where the offending party has engaged in "extreme conduct," which by definition entails the knowing disobedience of a court order. Id. So drastic a remedy is justified due to the fact that such disobedience "robs [court orders] of their utility." Id. Given these standards, the appellants are confronted with a "heavy burden": to demonstrate that the dismissal, with prejudice, for disobedience of a court order constituted an abuse of discretion. Id.

Not only have appellants failed to shoulder this heavy burden, they have not even attempted to do so. The district court, as well as this court, warned plaintiffs of the dire consequences were they to persist in their unwarranted demands for punitive damages under ERISA. See Buffonge v. Prudential Ins. Co. of Am., 426 F.3d 20, 31 n.15 (1st Cir. 2005) (noting well-settled law that ERISA does not permit recovery of punitive damages). Nevertheless, plaintiffs simply ignored the courts' admonitions. They also failed to respond, in a timely manner, to the show-cause order, see Guex v. Allamerica Fin. Life Ins. & Annuity Co., 146 F.3d 40, 42 (1st Cir. 1998), nor do they offer, on appeal, any excuse for their

noncompliance. Instead, they simply ignore their disobedience, and request that we address the merits of their complaint, insisting that they should be entitled to prove punitive damages. After having warned plaintiffs repeatedly, see Serra-Lugo v. Consortium-Las Marias, 271 F.3d 5, 6 (1st Cir. 2001) (noting that the district court warned of consequences for noncompliance, following which the party repeatedly disobeyed court orders, and that "[c]ounsel who choose to disregard the orders of the district court place themselves and their clients at risk"); HMG Prop. Investors, Inc. v. Parque Industrial Rio Canas, Inc., 847 F.2d 908, 918 (1st Cir. 1988) ("[T]he law is well established in this circuit that where a noncompliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal"), the district court cannot have abused its discretion in directing dismissal as the most appropriate sanction for the plaintiffs' repeated and unexplained recalcitrance.

**Affirmed.  Costs assessed against appellants**.