# United States Court of Appeals
## For the First Circuit

No. 08-1548

MARIA VELÁZQUEZ LINARES,

Plaintiff, Appellant,

v.

UNITED STATES ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, U.S. District Judge]

Before

Lynch, Chief Judge,
Selya and Howard, Circuit Judges.

José M. Casanova Edelmann on brief for appellant.
Lori J. Dym, Chief Counsel, Appellate Division, United States
Postal Service, and Ray E. Donahue, Lead Counsel, on brief for
appellees.

November 10, 2008

**SELYA**, **Circuit Judge**.  On February 10, 2006, plaintiff-appellant Maria Velázquez Linares slipped and fell while a patron at the post office in Cataño, Puerto Rico.  Neither the details surrounding her fall nor the extent of her injuries and damages are germane to this appeal.  Instead, we fast-forward to March 3, 2008, when the plaintiff sued the United States and others under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680.

The plaintiff duly filed her paper complaint in the district court.  The Clerk issued a notice on March 13 stating that the case was subject to the electronic case management system.  That is relevant because the court had in place a standing order — Standing Order No. 1 — providing in pertinent part that, in such cases, "parties shall promptly provide the Clerk with electronic copies of all documents previously provided in paper form."  The plaintiff did not furnish an electronic copy of her complaint.  On March 24 — three weeks after the commencement of the suit — the district court, acting sua sponte, dismissed the action without prejudice.  The court at the same time fined plaintiff's counsel $150 as a sanction.

The plaintiff filed the complaint electronically five days later and moved for reconsideration.  In that motion, her counsel explained that electronic filing had not been accomplished earlier because of a malfunctioning computer in his law office. Counsel attached a statement from a computer technician who

verified the malfunction and related that he had been hired to repair the defect on March 22.

The district court denied the motion for reconsideration without comment on April 2. The next day, the plaintiff docketed a notice of appeal. The district court responded by issuing a nunc pro tunc electronic order noting that "even if counsel's computer malfunctioned, he waited too long to cure his noncompliance with Standing Order No. 1."

We need not tarry. When a trial court is faced with a violation of a court order, it may choose from a "broad universe of possible sanctions." Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002). Each case is sui generis. Thus, in making the choice of a condign sanction, the court must give individualized consideration to the particular circumstances of the case. Id. We review the court's order for abuse of discretion. Id.

Dismissal is among the most severe of sanctions, and it should not be imposed without good reason. See Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003) (explaining that "dismissal should not be viewed either as a sanction of first resort or as an automatic penalty for every failure to abide by a court order"). The district court in this case believed that dismissal was appropriate because the plaintiff had transgressed Standing Order

No. 1. Under the totality of the circumstances, we find that conclusion problematic.

Standing Order No. 1 does not provide a set time within which a party must furnish an electronic copy of a pleading previously filed in paper form. The order merely recites that the electronic copy shall be supplied "promptly." That term has a protean quality; what is "prompt" in one person's mind may not be "prompt" in another's, and what is "prompt" in one set of circumstances may be laggardly in a different set of circumstances. Given this uncertainty, we think it ordinarily would require the passage of more time than elapsed here to warrant sua sponte dismissal, without prior notice, on such a ground. See Velázquez-Rivera v. Sea-Land Serv., Inc., 920 F.2d 1072, 1076 (1st Cir. 1990); cf. Rosario-Díaz v. González, 140 F.3d 312, 315 (1st Cir. 1998) (noting that "litigants have an unflagging duty to comply with clearly communicated case-management orders") (emphasis supplied).

The district court, of course, had two easily available alternatives. First, the court as an institution could have used a fixed time parameter in place of "promptly." Second, the court in this case could have called the plaintiff's attention to Standing Order No. 1, demanded compliance within a specified time frame, and then taken action if that demand had gone unrequited. See, e.g., Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 4-5

(1st Cir. 2002) (approving use of show-cause order in analogous circumstance).  Here, however, the record on appeal contains no indication that the court afforded any forewarning of this sort to the plaintiff.[1]

Were there aggravating circumstances, the situation might be more fluid.  See, e.g., Cósme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987).  But in this case, the record reflects none.  For aught that appears, plaintiff's counsel is a first-time offender; there is not the slightest whiff of bad faith, contumacious conduct, or habitual procrastination on his part.  Moreover, he presented a plausible justification for the failure to furnish an electronic copy of the complaint more celeritously — and the district court did not question the truth of this explanation.

Finally, the defendants have not made any showing of prejudice.  Indeed, their main argument seems to be that the dismissal order should not be treated seriously because it operated without prejudice.  See Appellees' Br. at 7.  That argument overlooks the inevitable costs associated with reinstituting an

---

[1]The district court has published a Manual for Civil and Criminal Cases, Administrative Procedure for Filing, Signing and Verifying Pleadings and Papers by Electronic Means in the United States District Court for the District of Puerto Rico, Rev. July 26, 2006 (the Manual).  With respect to electronic filing, section II.A.2 of the Manual states that if a complaint is filed in paper form only, the Clerk shall notify the filer that she has twenty-four hours to file the complaint electronically.  If no electronic copy is then filed, the Clerk shall issue a second notice.  Id. There is no indication on the docket that any such notices were transmitted in this case.

action as well as the court's imposition of a monetary sanction to accompany the dismissal.

We need go no further. In the peculiar circumstances of this case, we hold that the district court read the standing order too inflexibly and acted outside the realm of its discretion in dismissing the action and imposing a monetary sanction without first affording the plaintiff notice and a brief opportunity to cure. See Vinci v. Consol. Rail Corp., 927 F.2d 287, 288 (6th Cir. 2001) (stating that although a standing order may have put plaintiff on notice that dismissal could be imposed for failure to follow a court order, the "mechanical" dismissal of an action because the attorney missed a required filing date was an abuse of discretion absent notice of the deficiency). Accordingly, we vacate the order appealed from and remand for further proceedings consistent with this opinion.

**The order for dismissal and for sanctions is reversed. The case is reinstated. All parties shall bear their own costs.**