Ruben RODRIGUEZ GONZALEZ,
Debtor.

Manuel Roman and Joaquin Roman,
on behalf of the estate of Felipa
Roman, Plaintiffs–Appellants,

v.

Jose R. Carrion, Chapter 13 Trustee, Ruben Rodriguez Gonzalez, Angel Luis Rodriguez Gonzalez, Hilda Rodriguez Gonzalez, Raul Rodriguez Gonzalez, Ana Delia Rodriguez Vazquez, Carmen E. Rodriguez Vazquez, Federico Rodriguez Vazquez, Gilberto Rodriguez Vazquez, Isabel Rodriguez Vazquez, Jorge D. Rodriguez Vazquez, Jose Manuel Rodriguez Vazquez, Julia Rodriguez Vazquez, Luz Nereida Rodriguez Vazquez, Selenia Rodriguez Vazquez, Felipa Roman Sanchez, Manuel Angel Roman Sanchez, Wanda Jeanette Roman Sanchez, and all Members of Guadalupe Rodriguez Roman Estate, Defendants–Appellees.

BAP No. PR 08–016.
Bankruptcy No. 03–08259–SEK.
Adversary No. 05–00193–SEK.

United States Bankruptcy Appellate Panel
for the First Circuit.

Nov. 18, 2008.

Julio Gil de la Madrid, on brief for Appellants.

Before BOROFF, DEASY and ROSENTHAL, United States Bankruptcy Appellate Panel Judges.

DEASY, Bankruptcy Judge.

■ Manuel Roman and Joaquin Roman, on behalf of the estate of Felipa Roman (the "Plaintiffs"), seek review of the bankruptcy court order dismissing their complaint pursuant to Rule 41[1] for lack of prosecution (the "Dismissal Order") and of the subsequent order denying their motion for relief from judgment (the "Or-

der Denying Relief").[2] Because we have concluded that the bankruptcy court did not abuse its discretion in dismissing the complaint or in denying the Plaintiffs' motion for relief from judgment, we AFFIRM.

## BACKGROUND

Ruben Rodriguez Gonzalez's (the "Debtor") confirmed chapter 13 plan provided for twenty four months of payments plus a lump sum payment to be made within that time. The funds for the lump sum payment would be generated by the sale of two of the Debtor's five properties. The Debtor sought permission to sell two of the properties listed on his Schedule A, which the court granted. On August 24, 2005, before the Debtor sold the properties, the Plaintiffs filed an adversary proceeding against the Defendants[3] alleging that they have an interest in one of the properties. The clerk issued a summons the same day.

The bankruptcy court held the first pretrial hearing on October 4, 2005, at which the Plaintiffs' attorney failed to appear. The bankruptcy court subsequently entered an order stating that the Plaintiffs' attorney had not been excused from ap-

1. Unless otherwise noted, references to "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" shall be to the Federal Rules of Civil Procedure. All references to the "Bankruptcy Code" or to statutory sections herein are to the Bankruptcy Code, as amended prior to April 20, 2005, 11 U.S.C. § 101, *et seq.*

2. The Appellants did not list the Order Denying Relief in their Notice of Appeal, but addressed it in their brief. In this circuit, courts construe notices of appeal liberally and examine them in the context of the record as a whole, recognizing that the core purpose of a notice of appeal is to "facilitate a proper decision on the merits." *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 3–4 (1st Cir. 2002) (citing *Foman v. Davis*, 371 U.S. 178,

182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). We conclude that, based on the record as a whole, it is proper to construe the Notice of Appeal to include the Order Denying Relief.

3. All references to the "Defendants" are to: Chapter 13 Trustee Jose R. Carrion, Ruben Rodriguez Gonzalez, Angel Luis Rodriguez Gonzalez, Hilda Rodriguez Gonzalez, Raul Rodriguez Gonzalez, Ana Delia Rodriguez Vazquez, Carmen E. Rodriguez Vazquez, Federico Rodriguez Vazquez, Gilberto Rodriguez Vazquez, Isabel Rodriguez Vazquez, Jorge D. Rodriguez Vazquez, Jose Manuel Rodriguez Vazquez, Julia Rodriguez Vazquez, Luz Nereida Rodriguez Vazquez, Selenia Rodriguez Vazquez, Felipa Roman Sanchez, Manuel Angel Roman Sanchez, Wanda Jeanette Roman Sanchez, and All Members of Guadalupe Rodriguez Roman Estate.

pearing at the hearing. On October 5, 2005, the Plaintiffs filed an urgent motion to postpone the October 4, 2005 pre-trial hearing stating that they had been unable to contact all of the Defendants and that they would be asking the court for permission to serve some of the Defendants by publication. The court did not act on the late-filed motion.

Three months later, the Plaintiffs moved the court for issuance of new summons as some of the Defendants had not been served because the Plaintiffs had been unable to ascertain some addresses. Thereafter, the clerk issued the new summons.

On June 6, 2006, the court held a second pre-trial hearing, at which the Plaintiffs' attorney informed the court that not all of the Defendants had been served and that the Plaintiffs needed to amend the complaint to add a defendant. The court issued an order stating that the complaint would be dismissed with prejudice if the Plaintiffs did not amend the complaint, serve all Defendants and file a certificate of service within thirty days.

After the thirty-day deadline passed, the Plaintiffs filed a motion asking the court to re-issue the summons and asking permission to give notice to some of the Defendants by publication, which the court granted. The clerk did not issue the summons. The Plaintiffs subsequently filed a notice of publication, and the clerk again did not issue the summons. On January 24, 2007, the Plaintiffs filed a motion requesting a summons by publication with the summons attached, which the clerk issued.

On June 6, 2007, the court held a third pre-trial hearing, at which the Plaintiffs' counsel again failed to appear. The next day, the court issued an order directing the Plaintiffs to show cause within thirty days why the complaint should not be dismissed with prejudice due to: (1) counsel's unexcused absence from two hearings; (2) the Plaintiffs' failure to timely serve all Defendants with the complaint; and (3) the Plaintiffs' failure to amend the complaint pursuant to the June 6, 2006 order. The Plaintiffs filed a response stating that they had served the summons on several Defendants directly, and on all remaining Defendants by publication. Attached to the response was a newspaper clipping and an affidavit by a newspaper employee stating that the notice had appeared in the February 22, 2007 edition of the newspaper. The response further stated that the Plaintiffs had filed a motion to continue the June 6, 2007 hearing, though in a subsequent filing the Plaintiffs admitted that they had, in fact, neglected to file said motion. The response did not address the timeliness of service, the Plaintiffs' failure to amend the complaint, or counsel's failure to attend the October 4, 2005 pre-trial hearing. The bankruptcy court subsequently issued the Dismissal Order in which it dismissed the complaint pursuant to Rule 41.

The Plaintiffs moved for relief from judgment, stating that they had experienced difficulty obtaining addresses for most of the Defendants, but that all Defendants had ultimately been notified by personal summons or publication in a daily newspaper. The Plaintiffs further stated that counsel believed his presence at the June 6, 2007 hearing was unnecessary because the bankruptcy court had scheduled the trustee's motion to dismiss to be heard on the same day.[4] The motion for relief

---

4. The bankruptcy court docket shows that on January 11, 2007, the bankruptcy court issued a notice setting the trustee's motion to dismiss for hearing on March 7, 2007. The hearing was then rescheduled for June 6, 2007. Plaintiffs' counsel seems to be suggesting that he assumed the motion to dismiss would be heard in lieu of, rather than in addition to, the pre-trial hearing in the adversary proceeding.

offered no explanation for counsel's failure to appear at the October 4, 2005 hearing.

The court set the motion for reconsideration for hearing, during which counsel for the Plaintiffs stated that they had filed the motion pursuant to Rule 60(b). The court took the matter under advisement. The Plaintiffs then filed an ancillary motion for relief under Rule 60(b)(1) & (6), which explained that the Plaintiffs' counsel had inadvertently failed to file the motion to continue the June 6, 2007 hearing, and asserted that such "excusable neglect" should not be held against the Plaintiffs. The court subsequently issued the Order Denying Relief, in which it found that the Plaintiffs had failed to satisfy the standard under Rule 60(b). This appeal followed.

## JURISDICTION

■■■ A bankruptcy appellate panel may hear appeals from "final judgments, orders and decrees [pursuant to 28 U.S.C. § 158(a)(1)] or with leave of the court, from interlocutory orders and decrees [pursuant to 28 U.S.C. § 158(a)(3)]." *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998). The Dismissal Order and the Order Denying Relief are final, appealable orders. *See Kasparian v. Conley (In re Conley)*, 369 B.R. 67, 70 (1st Cir. BAP 2007) (explaining that order dismissing adversary proceeding is final, appealable order); *Rodriguez Camacho v. Doral Fin. Corp. (In re Rodriguez Camacho)*, 361 B.R. 294, 298 (1st Cir. BAP 2007) (explaining that order denying relief from judgment is final if underlying order is final and, together, they end the litigation on the merits). Moreover, the appeal

is timely as to both the Dismissal Order and the Order Denying Relief.[5] See Fed. R. Bankr.P. 8002(a), (b).

## STANDARD OF REVIEW

■■■ We review the bankruptcy court's findings of fact for clear error and conclusions of law *de novo. See United States v. Wilder*, 526 F.3d 1, 5 (1st Cir. 2008). We review the dismissal of an adversary proceeding pursuant to Rule 41(b) for abuse of discretion. *Torres–Alamo v. Puerto Rico*, 502 F.3d 20, 25 (1st Cir.2007); *Pinero Capo v. United States*, 7 F.3d 283, 284 (1st Cir.1993). We review the denial of a motion for relief from judgment for abuse of discretion. *Torres–Alamo*, 502 F.3d at 25. Abuse of discretion occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them. *Latin Am. Music Co. v. Archdiocese of San Juan of the Roman*, 499 F.3d 32, 43–44 (1st Cir.2007).

## DISCUSSION

### A. Rule 41: Dismissal for Failure to Prosecute

In the Dismissal Order, the court dismissed the complaint pursuant to Rule 41 on the grounds that the Plaintiffs had failed to amend and serve the complaint on all Defendants after almost two years despite being ordered to do so, that the Plaintiffs had failed to provide a reasonable explanation for the delay, and the delay had prevented the Debtor from com-

---

**5.** The Dismissal Order entered on the docket October 16, 2007. The Plaintiffs filed a motion for relief from judgment on October 26, 2007. Because the motion for relief was filed within the ten day appeal period, it tolled the appeal period such that the time for appealing the Dismissal Order began to run upon entry of the Order Denying Relief. *See* Fed. R. Bankr.P. 8002(b). The Order Denying Relief entered on the docket February 5, 2008. The Plaintiffs filed their Notice of Appeal on February 15, 2008, which was within the ten day appeal period. *See* Fed. R. Bankr.P. 8002(a).

pleting his chapter 13 case. The court found, as well, that the Plaintiffs' counsel's absence from two pretrial hearings was an aggravating factor.

 Rule 41, made applicable to adversary proceedings pursuant to Bankruptcy Rule 7041, provides that a court[6] may dismiss an adversary proceeding with prejudice for failure to prosecute or comply with the Rules or a court order. *See* Fed.R.Civ.P. 41(b); Fed. R. Bankr.P. 7041. As dismissal with prejudice is a harsh sanction, the reviewing court must balance the trial court's authority to impose such a sanction against the policy considerations favoring disposition of the case on the merits. *Torres–Alamo*, 502 F.3d at 25. When balancing these interests, we give weight to substantive elements of the sanction, including the severity of the party's violation, length of delay,[7] mitigating excuses, repetition of the violations, deliberateness of misconduct, prejudice to the other side and to operations of the court, other aggravating circumstances, and adequacy of other sanctions, as well as procedural elements, such as notice and the opportunity to be heard. *Id.; Malot v. Dorado Beach Cottages Assocs.*, 478 F.3d 40, 43 (1st Cir.2007); *Enlace Mercantil Internacional, Inc. v. Senior Indus., Inc.*, 848 F.2d 315, 317 (1st Cir.1988).

 Generally, trial courts should employ dismissal under Rule 41(b) only after determining that none of the lesser available sanctions would be appropriate. *Enlace Mercantil*, 848 F.2d at 317. However, dismissal may be appropriate even absent consideration of lesser sanctions where the plaintiff has engaged in "extreme conduct," such as knowing disobedience of a court order. *Rivera Diaz v. American Airlines, Inc.*, 433 F.3d 120, 123 (1st Cir.2005) (explaining that appellant challenging dismissal for disobedience of court order is confronted with a "heavy burden"); *see also Torres–Alamo*, 502 F.3d at 25 (concluding that district court did not abuse its discretion in dismissing claims where appellant disregarded court's order to show cause why claims should not be dismissed for failure to state a claim).

### 1. Failure to Timely Serve Complaint

 A summons must be hand delivered or deposited into a mailbox within ten days after the summons is issued. Fed. R. Bankr.P. 7004(e). Where a party's address is unknown, the court may order the summons and complaint to be served by mailing to the defendant's last known address and publishing in at least one newspaper. Fed. R. Bankr.P. 7004(c). Puerto Rico Local Bankruptcy Rule 7004–2 provides that the plaintiff shall present the summons to the bankruptcy court clerk for signature and seal. P.R. LBR 7004–2.

 If the plaintiff shows good cause for failing to timely serve a sum-

---

**6.** Although Rule 41 specifies that "a defendant may move to dismiss the action," this language does not restrict courts from *sua sponte* dismissing cases under this rule. *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (explaining that permissive language in Rule 41, policy behind Rule 41, and inherent authority of courts to dismiss *sua sponte* for lack of prosecution support such conclusion); *see also Torres–Alamo*, 502 F.3d at 25. Indeed, it is well established that courts have inherent authority to manage their dockets and sanction parties who fail to comply with court orders and deadlines. *Link*, 370 U.S. at 630–31, 82 S.Ct. 1386; *Torres–Vargas v. Pereira*, 431 F.3d 389, 392 (1st Cir.2005); *Pomales v. Celulares Telefónica, Inc.*, 342 F.3d 44, 48 (1st Cir.2003).

**7.** The First Circuit has stated that "extremely protracted inaction" is measured in years, not months. *Malot v. Dorado Beach Cottages Assocs.*, 478 F.3d 40, 44 (1st Cir.2007); *Enlace Mercantil Internacional, Inc. v. Senior Indus., Inc.*, 848 F.2d 315, 317 (1st Cir.1988).

mons, the court must extend the time for service for an appropriate period. *Id.* It is the plaintiff's burden to demonstrate the requisite cause. *De–La–Cruz–Arroyo v. Comm'r of Social Security,* No. 97–2378, 1998 WL 1285621 (1st Cir. May 27, 1998). Carelessness, forgetfulness, or inadvertence does not constitute "good cause." *Burke v. City of Boston,* No. 98–1891, 1999 WL 1338355 (1st Cir. July 2, 1999) ("good cause" did not exist where defendants knew they were being sued and plaintiff's counsel had participated in a scheduling conference and was willing to make expeditious service but had forgotten to serve defendants); *De–La–Cruz–Arroyo,* 1998 WL 1285621 ("good cause" did not exist where plaintiff's counsel offered no explanation for delay in service; court presumed inadvertence); *Premier Capital, Inc. v. DeCarolis,* No. 01–126–M, 2002 WL 47134 (D.N.H. Jan. 2, 2002) ("good cause" did not exist where plaintiff's counsel served summons within 120 day period but more than ten days after issuance of summons and failed to re-serve the summons despite time remaining in 120 day period).

■■■ Here, the Plaintiffs filed their complaint on August 24, 2005. The 120 day period in which they were required to serve the Defendants expired on December 22, 2005. Fed.R.Civ.P. 4(m). By their

own admission, they served some of the Defendants by publication on February 22, 2007, which was well beyond the 120 day limit.[8] The Plaintiffs' only explanations for the delay were that they were unable to obtain addresses for some of the Defendants, and that the bankruptcy court clerk had initially failed to issue the summons by publication. These explanations are unsatisfactory. First, the inability to obtain a defendant's address does not impair a plaintiff's ability to provide timely service as Bankruptcy Rule 7004(c) allows for service where a defendant's address is unknown by mailing to the last known address and publishing in a newspaper. *See De–La–Cruz–Arroyo,* 1998 WL 1285621.

Second, the fact that the clerk did not initially issue the summons by publication did not cause the Plaintiffs to miss the 120 day deadline. The Plaintiffs filed the first summons by publication on July 21, 2006,[9] eleven months after the 120 day period expired. Further, the Plaintiffs waited an additional four months[10] and then two more months[11] before filing the subsequent summons. The clerk issued the summons by publication on January 30, 2007, and the Plaintiffs published it in a local newspaper on February 22, 2007, eighteen months after the filing of the complaint and more than fourteen months

---

8. Notably, nothing in the record indicates that the Plaintiffs satisfied the other requirement of Bankruptcy Rule 7004(c), service by mailing to the last known address.

9. The Plaintiffs' July 21, 2006 filing was their first formal request for summons by public notice. It consisted of a motion and two attachments entitled "Summons" and "Notice by Publication." The bankruptcy court granted the motion, but the clerk did not issue the summons. Prior to filing the July 21, 2006 motion, the Plaintiffs had filed a "Motion asking for the issuance of summons to defendants" on January 19, 2006, in which they asked the court to reissue the initial summons because some had expired before they could

be served due to the Plaintiffs' inability to locate certain Defendants' addresses. In the motion, the Plaintiffs also stated that there were some Defendants who would have to be noticed by publication, but the Plaintiffs did not actually request a summons by publication or attach such a document.

10. On November 24, 2006, the Plaintiffs filed a document entitled "Notice By Publication."

11. On January 24, 2007, the Plaintiffs filed another motion requesting issuance of a summons by publication, attached to which was a document entitled "Summons by Publication."

after the 120 day period had expired. Although there is no readily apparent reason why the clerk did not issue the first two summonses, given that the clerk did not reject them as nonconforming, any failure by the clerk in not issuing the summons upon the July 21, 2006 filing does not excuse the Plaintiffs' failure to timely serve the summons within 120 days of filing the complaint. The Plaintiffs have, therefore, not demonstrated "good cause" for failing to serve some Defendants within 120 days of filing the complaint as required by Bankruptcy Rule 7004, despite *de facto* extensions of the deadline by the bankruptcy court.[12]

### 2. Failure to Comply with Court Order

▮ Even more egregious than the Plaintiffs' failure to comply with Bankruptcy Rule 7004 was their failure to comply with the bankruptcy court's June 6, 2006 order directing them to amend the complaint to add a defendant,[13] and to serve all Defendants and file a certificate of service within 30 days, or the complaint would be dismissed with prejudice. The Plaintiffs took no action in the case until July 21, 2006, when they filed their first formal request for permission to serve some Defendants by publication. The Plaintiffs never amended the complaint or filed a motion stating that such amendment was not necessary. Further, the Plaintiffs did not seek to extend the 30 day deadline, nor the 120 day deadline which had passed months prior to the bankruptcy court's June 6, 2006 order. They simply failed to comply with both deadlines. Indeed, the

Plaintiffs even failed to file a certificate of service upon publishing the summons by public notice on February 22, 2007; they did not inform the court of the publication until nearly five months after the fact in their July 9, 2007 response to the court's order to show cause.

The Plaintiffs, therefore, not only failed to comply with the June 6, 2006 order, but essentially disregarded it. In light of such extreme conduct, dismissal of the complaint was justified for this reason alone, *see Enlace Mercantil,* 848 F.2d at 317, and dismissal was certainly appropriate absent considerations of lesser sanctions. *See Diaz,* 433 F.3d at 123. Moreover, lesser sanctions were not available for the court to consider. Unlike violations relating to discovery, where the court can simply find facts in favor of the other party, the Plaintiffs' violations relating to service of the complaint and compliance with court orders over a period of eighteen months was so egregious that dismissal was an appropriate sanction.

### 3. Prejudice to Debtor

Notwithstanding the Plaintiffs' assertions to the contrary,[14] the record reflects that the delays caused by the Plaintiffs' failures to prosecute their case were prejudicial to the Debtor, who was unable to sell the property and thereby complete his chapter 13 case while this matter was pending.

### 4. Failure to Appear at Hearings

Additionally, counsel for the Plaintiffs failed to appear at two hearings: the first

---

**12.** The record does not reflect any request by the Plaintiffs for an extension of the 120 day time limit under Rule 4(m).

**13.** Pursuant to the Plaintiffs' informing the court that they needed to do so.

**14.** The Plaintiffs argue that the delays did not prejudice the Debtor because the Debtor had

sought an extension of time to sell the properties because the real estate market was in recession. This argument fails, however, as there can be any number of explanations for the circumstances surrounding such a request and the Plaintiffs did not even include a copy of said motion in their appendix.

and third pre-trial hearings, held on October 4, 2005 and June 6, 2007, respectively.[15] With respect to the October 4, 2005 hearing, counsel filed a motion to continue the hearing the day after the hearing took place. The motion was never acted on, presumably because it was moot by the time it was filed. As the court had not granted, or even received, the motion before the hearing, counsel thus knowingly failed to appear despite the fact that his appearance had not been excused. Counsel's unexcused absence was noted on the docket.

With respect to the June 6, 2007 pre-trial hearing, counsel for the Plaintiffs asserted that his absence should be excused because on June 4, 2007, he filed a motion to continue the hearing for medical reasons. Counsel made this representation without verifying the information on the docket, and indeed he later admitted in his ancillary motion for relief under Rule 60(b) that the motion to continue had never actually been filed.[16] Further, the Plaintiffs' counsel should have realized his mistake at the time of the hearing, as he should have been checking the docket to ascertain whether the court had granted the motion. *See Davila–Alvarez v. Escuela de Medicina Universidad Central del Caribe,* 257 F.3d 58, 64 (1st Cir.2001). Regardless of whether counsel was aware that he had failed to file the motion, he certainly should have been aware that he was not excused from the hearing, there being no order to that effect on the docket.

### 5. *Notice and Opportunity to Be Heard*

 Procedurally, the bankruptcy court afforded the Plaintiffs adequate notice and opportunity to be heard. The court first warned the Plaintiffs that their case could be dismissed for failure to prosecute in its June 6, 2006 order, which gave the Plaintiffs 30 days to amend the complaint, serve all Defendants and file a certificate of service. Although the Plaintiffs did not comply with any of these requirements, the court nonetheless granted subsequent motions for summons by publication, and held another pre-trial hearing a year after issuing the June 6, 2006 order. The court then issued the order to show cause, and subsequently issued the Dismissal Order, which contained a lengthy explanation of the grounds for dismissal. When the Plaintiffs moved for relief from judgment under Rule 60(b), the court not only held a hearing on the matter but subsequently issued the Order Denying Relief, which contained another lengthy discussion of the matter. At every step in the proceeding, the court gave the Plaintiffs fair warning and ample opportunity to be heard.

 In view of all these factors, we conclude that the bankruptcy court did not abuse its discretion in dismissing the complaint. "Dismissal is among the most severe of sanctions, and it should not be imposed without good reason." *Velazquez Linares v. United States,* 546 F.3d 710, 711, 2008 WL 4838130, *3 (1st Cir.2008).

---

**15.** The Plaintiffs argue that counsel's failure to appear at these hearings did not amount to "extremely protracted inaction." This argument misses the point, however, as the complaint was dismissed due to the Plaintiffs' overall conduct and not merely because counsel failed to appear at the hearings. Indeed, the court characterized counsel's failure to appear merely as an "aggravating factor."

**16.** Moreover, even on appeal the Plaintiffs continue to assert that counsel should be excused from the June 4, 2007 hearing because they had "informed" the court that he could not attend the hearing. This is a knowing misrepresentation given that they have previously acknowledged that they never filed the motion, and therefore had not "informed" the court of anything.

Dismissal was not the bankruptcy court's first choice. However, due to the egregious nature of the Plaintiffs' violations over a period of eighteen months, the policy considerations favoring disposition of the case on the merits do not outweigh the court's authority to manage its docket and sanction the Plaintiffs by dismissal of the complaint. *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir.2003).

## B. Relief from Judgment

In the Order Denying Relief, the court reiterated that the Plaintiffs had failed to timely serve some of the Defendants with the complaint, and had therefore failed to establish personal jurisdiction over them, and that setting aside the Dismissal Order would not serve justice.[17]

▮▮▮▮ Rule 60(b), made applicable to bankruptcy proceedings pursuant to Bankruptcy Rule 9024, provides that a party may seek relief from judgment for certain reasons, including: "mistake, inadvertence, surprise, or excusable neglect," Fed. R.Civ.P. 60(b)(1), or "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). To prevail on a Rule 60(b) motion, the movant must demonstrate: (1) timeliness, (2) exceptional circumstances justifying relief, and (3) the absence of unfair prejudice to the opposing party. *See Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co.*, 953 F.2d 17, 20 (1st Cir.1992). Here, the motion for relief was timely as it was filed ten days after entry of the judgment.[18] *See* Fed.R.Civ.P. 60(b)(1), (6).

▮▮▮▮ Bankruptcy courts have broad discretion in deciding motions for relief under Rule 60(b). *See Davila–Alvarez*, 257 F.3d at 63. The denial of a Rule 60(b) motion should be reviewed with "the understanding that relief under Rule 60(b) is extraordinary in nature and that motions invoking that rule should be granted sparingly." *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir.2002); *see also U.S. Steel v. M. DeMatteo Constr. Co.*, 315 F.3d 43, 51 (1st Cir.2002) (citations omitted).

*1. Rule 60(b)(1): Mistake, Inadvertence, Surprise, or Excusable Neglect*

▮▮▮ The Plaintiffs asserted that their counsel's failure to appear at the June 6, 2007 pre-trial hearing and the failure to file a motion to continue said hearing were due to excusable neglect. In determining whether excusable neglect exists, courts consider all relevant circumstances, including: "the danger of prejudice to the debtor, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

▮▮▮▮ The most important factor in this test is the reason for the delay which requires a statement of the reasons and a satisfactory explanation for the delay. *Graphic Communications Int'l Union v. Quebecor Printing Providence, Inc.*, 270

---

17. In the Order Denying Relief, the court also stated that the Plaintiffs had failed to establish subject matter jurisdiction because in the complaint they did not invoke the court's jurisdiction or state whether the matter was core or non-core, and because the allegations contained in the complaint were unclear. We need not consider this question, however, as the bankruptcy court had ample grounds to dismiss under Rule 41 regardless of any deficiencies with the complaint.

18. Motions brought under Rule 60(b)(1) must be filed within one year of entry of the judgment from which relief is sought; those brought under Rule 60(b)(6) must be filed "within a reasonable time." Fed.R.Civ.P. 60(b)(1), (6).

F.3d 1, 6 (1st Cir.2001); *EnvisioNet Computer Servs., Inc. v. ECS Funding LLC*, 288 B.R. 163, 166 (D.Me.2002). The First Circuit has repeatedly upheld findings of "no excusable neglect" in the absence of unique or extraordinary circumstances. *Id.* Specifically, an attorney's failure to alert the court as to scheduling conflicts and to explain absences or failures to appear in a timely fashion need not be excused under Rule 60(b)(1). *Davila–Alvarez*, 257 F.3d at 64–65. Even upheaval at work or personal tragedy does not excuse such a failure. *See id.* (holding that attorney's failure to appear and otherwise prosecute case was not excusable neglect where attorney's law partner who was also his brother had unexpectedly died).

■ Here, the motion for relief offered no explanation for counsel's failure to attend the hearings or file the motion to continue. Instead, the Plaintiffs essentially stated that they did not know why counsel had failed to file the motion to continue.[19] Such an explanation does not even begin to satisfy the very stringent requirements of Rule 60(b). *See Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489; *Graphic Communications*, 270 F.3d at 6; *Karak*, 288 F.3d at 19. Moreover, the Plaintiffs are wrong in suggesting that their attorney's mistake should not be imputed to them. *See Davila–Alvarez*, 257 F.3d at 66–67; *Dunker v. Bissonnette*, 154 F.Supp.2d 95, 107 (D.Mass.2001).

### 2. Rule 60(b)(6): Any Other Reason Justifying Relief

■ The Plaintiffs argued in their motion for relief from judgment that their difficulty in obtaining addresses for some of the Defendants, the court's delay in issuing summons by publication, and the

various continuances sought by other parties during the proceedings constitute other reasons justifying relief under Rule 60(b)(6). Relief under Rule 60(b)(6) is reserved for "extraordinary circumstances" that justify "extraordinary" relief. *See Valley Citizens for a Safe Environment v. Aldridge*, 969 F.2d 1315, 1317 (1st Cir. 1992). Courts generally find extraordinary circumstances warranting relief under Rule 60(b)(6) only where the movant was not at fault in his predicament, and was unable to take steps to prevent the judgment from which relief is sought. *See* 12 James Wm. Moore, *Moore's Federal Practice* § 60.48[3][c] (3d ed.2005) ("fault by movant usually means [a] lack of extraordinary circumstances").

■ Here, the Plaintiffs were entirely at fault for the predicament in which they found themselves. More importantly, none of their reasons constitute "extraordinary circumstances" warranting the highly extraordinary relief provided for under Rule 60(b)(6). *See Valley Citizens*, 969 F.2d at 1317. As the Plaintiffs failed to establish grounds for relief under Rule 60(b)(1) or (6), the bankruptcy court did not abuse its discretion in denying the Plaintiffs' motion for relief from judgment.

### CONCLUSION

For the reasons set forth above, we **AFFIRM** the Dismissal Order and the Order Denying Relief.

---

**19.** The text of the ancillary motion for relief stated that "[a]lthough a copy [of the motion to continue] was submitted (6–04–07) as per 11/27/07 hearing minutes in open court; es-

caped our mind why it was not served to the Court and parties in interests as is it usual and customary to be done in our office."