# United States Court of Appeals
## For the First Circuit

No. 05-2386

KEITH SCHNEIDER, Individually and on Behalf
of all Other Individuals Similarly Situated,

Plaintiff, Appellant,

v.

LOCAL 103 I.B.E.W. HEALTH PLAN; DAVID R. MACKAY; WILLIAM SEAVER;
JOHN A. PENNEY; JOHN DUMAS; MICHAEL MONAHAN; and CHUCK MONAHAN,

Defendants, Appellees,

HARRISON ELECTRICAL WORKERS TRUST FUND,
TIMOTHY GAUTHIER and GRANT ZADOW.

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Howard, Circuit Judge,
Coffin and Campbell, Circuit Judges.

George P. Fisher with whom Susan E. Stenger and Burns &
Levinson LLP were on brief for appellant.
David W. Healey with whom David W. Healey & Associates was
on brief for appellees.

March 21, 2006

**PER CURIAM.**  After reviewing plaintiff-appellant's arguments in his briefs and during oral argument, we are satisfied that the district court correctly analyzed the case.  We affirm substantially on the basis of the district court's memorandum and order.  Schneider v. Harrison Elec. Workers Trust Fund, 382 F. Supp. 2d 261 (D. Mass. 2005).[1]  We add only the following:

We disagree with Schneider's contention that the Supreme Court's holding in Local 144 Nursing Home Extension Fund v. Demisay, 508 U.S. 581 (1993), does not govern this case.  He rests this contention in part on the ground that while in Demisay the parties were disputing the purpose for which the benefit contributions "are used," he is now contesting the purpose for which the fund was "established."  This distinction, however, is not borne out even by Schneider's own complaint.  In his amended complaint, at paragraph 5.2, plaintiff asserted:

> Defendants the Local 103 Fund and/or the Trustees of the Local 103 Fund violated 29 U.S.C. § 186(a) and/or (b) when they retained the excess portion of contributions earned by Schneider, thereby becoming a nonqualifying trust under 29 U.S.C. § 186(c)(5) (emphasis added).

By alleging that the trust became nonqualifying when defendants retained the excess portion of contributions earned by Schneider, plaintiff himself suggested that he was contesting only the purpose

---

[1]We note that in the district court's opinion at 382 F. Supp. 2d. at 263, there is a reference to "Section 103" of the Labor Management Relations Act, as amended, 29 U.S.C. § 186.  Though the statutory citation is correct, we believe the section reference should be to Section 302, the provision at issue here.

for which these excess funds were "used" rather than the purpose for which the trust fund was established. See Demisay, 508 U.S. at 588. The trustees' retention of a portion of the contributions did not stem from some purported deficiency in the purpose for which the trust was established. Rather, the trustees' challenged actions stemmed from collateral agreements entered into long after establishment of the trust and occurred sometime after the contributions were "'pa[id], len[t], or deliver[ed]' to the trust fund...or...'receive[d], or accept[ed]' by the trust fund...." Id. See also DeVito v. Hemstead China Shop Inc., 38 F.3d 651, 653-54 n.3 (2d Cir. 1994) (holding that Demisay precludes the argument that payment would be in violation of § 302(c)(5) of the Labor Management Relations Act because defendant "[did] not contest that the Benefit Fund was properly established under section 302(c)(5)" but contended only that "it was subsequently operated in a manner inconsistent with § 302(c)(5)"); Ladzinski v. MEBA Pension Trust, 951 F. Supp. 570, 573 (D. Md. 1997), aff'd, 120 F.3d 261 (4th Cir. 1997).

Schneider also mischaracterizes the district court as having erroneously granted summary judgment against him, "because ERISA did not control Schneider's claim, because Schneider was not a participant in the Local 103 Fund's heath and welfare plan and therefore had no standing to sue." We read the district court's memorandum as holding simply that Schneider abandoned his ERISA

claim, which, for that reason, the court no longer needed to analyze.

The district court was on solid ground in holding that Schneider had abandoned his ERISA and unjust enrichment claims. In his opposition to the defendants' motion for summary judgment, Schneider made the following statement:

> Schneider now takes the position, following the back and forth briefing between the parties about the legal theory in this case, that the ERISA has no application whatsoever to Schneider's claims against Defendants. Hence, Schneider's theory of the case is that because Defendants' conduct violates only § 302 of the LMRA, his ERISA claim, his signature to the Authorization and Release, and his unjust enrichment claim become irrelevant.

It is true, as Schneider now argues, that at the end of his opposition, he referred to an unjust enrichment claim. But this reference, standing alone, was insufficient to overcome his prior, explicit abandonment of the ERISA and unjust enrichment claims, and even if these claims had remained still viable, he never responded to any of the arguments against them made by the defendants in their summary judgment memo. Likewise, he has failed to develop any argument in favor of his unjust enrichment claim, which he claims still to maintain, in his brief on appeal. "Even an issue raised in the complaint but ignored at summary judgment may be deemed waived." Grenier v. Cyanamid Plastics, Inc., 70 F.3d 667, 678 (1st Cir. 1995). "It is well-established that 'issues adverted to in a perfunctory manner, unaccompanied by some effort at

-4-

developed argumentation, are deemed waived.'" <u>Nikijuluw</u> v. <u>Gonzales</u>, 427 F.3d 115, 120 n.3 (1st Cir. 2005) (citation omitted). "It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work. . . . 'Judges are not expected to be mindreaders.'" <u>United States</u> v. <u>Zannino</u>, 895 F.2d 1, 17 (1st Cir. 1990), <u>cert. denied</u>, 494 U.S. 1082 (1990) (citation omitted).

We therefore **<u>affirm</u>** the judgment of the district court.