Not For Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 06-2469

AIDA LUZ MORINGLANE-RUIZ; AURELIO FERNANDEZ-MALDONADO;
CONJUGAL PARTNERSHIP MORINGLANE-MALDONADO,

Plaintiffs, Appellants,

v.

MARCELO TRUJILLO-PANISSE, in his personal and his official
capacity as Mayor of Humacao; MUNICIPALITY OF HUMACAO,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

Before

Lynch, Lipez, and Howard, Circuit Judges.

Valéry López Torres, on brief for appellants.
Johanna M. Emanuelli-Huertas, Carmen Edith Torres-Rodriguez
and Law Offices Pedro Ortiz Alvarez, on brief for appellees.

May 9, 2007

**Per curiam**. This appeal from a grant of summary judgment in a political discrimination case under 42 U.S.C. § 1983 raises one procedural and one substantive issue. The procedural issue concerns the district court's decision to reject the plaintiffs' opposition to summary judgment as untimely, and the substantive issue concerns the district court's ultimate ruling that the defendants were entitled to summary judgment.

The underlying dispute involves a decision by defendant Marcelo Trujillo-Panisse, the Mayor of the Municipality of Humacao, Puerto Rico, to terminate a lease with plaintiff Aida Moringlane-Ruiz to house a Head Start program in a building that Moringlane owned. The Mayor was a member of the Popular Democratic Party, and Moringlane was a member of the New Progressive Party. Moringlane claims that the decision to terminate her lease was motivated by the Mayor's politically-based animus against her.

In June 2004, Moringlane, her spouse, and their conjugal partnership filed a complaint in federal district court against the Mayor and Municipality alleging, inter alia, that the termination of the lease was impermissible discrimination in violation of the First Amendment. In January 2005, the district court convened an initial scheduling conference, during which the parties discussed a timetable for proceeding with the litigation. After the conference, the district court entered a case management order which set the close of discovery on May 19, 2005, the filing of

summary judgment motions on or before June 20, 2005, and the filing of oppositions to any such motions on or before July 20, 2005. See Fed. R. Civ. P. 16(b).

In accord with the prescribed deadlines, the defendants filed their motion for summary judgment on June 20, 2005. Two days after this filing, the plaintiffs' attorney moved to withdraw from the case but did not ask to extend the July 20 deadline. The district court did not rule on the withdrawal motion immediately, and the July 20 deadline passed without the plaintiffs having filed an opposition. On August 9, 2005, the plaintiffs' new attorney filed an appearance and asked for an additional forty-five days to complete discovery and oppose the motion for summary judgment. The motion for an extension of the filing deadline was not immediately acted on, and the plaintiffs filed their summary judgment opposition on September 23, 2005, the last day for filing that they had requested in their motion for an extension. On October 20, 2005, the district court granted the first attorney's motion to withdraw, noted the appearance of new counsel, denied the plaintiffs' request for an extension, and ruled that their opposition to the motion for summary judgment was untimely. The court therefore deemed undisputed the facts provided by the defendants in support of their summary judgment motion.

The plaintiffs contend that the denial of their motion to extend the filing deadline was an abuse of discretion. They claim

that, as of the date that their first attorney moved to withdraw, they were unrepresented and that it was unfair to hold them to a filing deadline that arose while they were without counsel.

The district court "has significant discretionary authority to set and enforce filing deadlines in accordance with the Federal Rules of Civil Procedure, even when those deadlines are difficult for lawyers to meet." Perez-Cordero v. Wal-Mart P.R., 440 F.3d 531, 533 (1st Cir. 2006). This discretion is a recognition that district courts are responsible for case management and "must often be firm in managing crowded dockets and demanding adherence to announced deadlines." Mendez v. Banco Popular de P.R., 900 F.2d 4, 7 (1st Cir. 1990). Indeed, we have rarely overturned the denial of a motion for an extension of a filing deadline and have done so only where the appellant has demonstrated that she was justifiably surprised by the court's action or where the individual circumstances make the denial unfair. Perez-Cordero, 440 F.3d at 534.

In light of this standard, the plaintiffs' assertion that their attorney's request to withdraw entitled them to an extension of the filing deadline lacks merit. The plaintiffs did not ask for an extension when their lawyer withdrew. According to the plaintiffs, included in their lawyer's motion to withdraw was an "implicit" request for an extension. This argument gains no traction in the face of our clear admonition that "a party's

decision to discharge one lawyer and retain another does not serve as a free pass to ignore court-appointed deadlines." Velez v. Awning Windows, Inc., 375 F.3d 35, 41 (1st Cir. 2004). "Judges are not expected to be mindreaders," Schneider v. Local 103 I.B.E.W. Health Plan, 442 F.3d 1, 3 (1st Cir. 2006) (citation omitted), and therefore, it was incumbent upon the plaintiffs to seek more time if they needed it, see Velez, 375 F.3d at 41 ("A party who seeks to be relieved from a court-appointed deadline has an obligation, at a bare minimum, to present his arguments for relief to the ordering court.").

The plaintiffs explicitly requested an extension of the filing deadline on August 9, more than two weeks after the filing deadline had passed. Under Fed. R. Civ. P. 6(b)(2), a party seeking to extend a deadline that has already passed must demonstrate excusable neglect for not seeking an extension before the deadline's expiration. In moving for the extension on August 9, the plaintiffs did not present a claim of excusable neglect. See Bromsted v. Unum Life Ins. Co. of Am., 421 F.3d 459, 464 (7th Cir. 2005) (affirming the denial of a post-deadline motion for an extension of time because the moving party did not argue that his neglect was excusable). Indeed, they have not done so even on appeal. The district court therefore did not abuse its discretion in denying the plaintiffs' request for an extension of time to oppose the defendants' motion for summary judgment.

Where a party fails to file a timely opposition to an adversary's summary judgment motion, the district court, as it did here, may take as uncontested the evidence submitted with the motion. Perez-Cordero, 440 F.3d at 533-34. Nevertheless, the moving party's motion must still be scrutinized under Fed. R. Civ. P. 56. Id. at 534. The district court did so and concluded that the defendants were entitled to summary judgment because there was undisputed evidence that the defendants cancelled the plaintiffs' lease for a non-discriminatory reason. We review this ruling de novo. See Wolinetz v. Berkshire Life Ins. Co., 361 F.3d 44, 47 (1st Cir. 2004).

The undisputed facts are as follows. In July 1997, the Municipality signed a lease with Moringlane to rent property from her to house a Head Start school. After signing the lease, Moringlane placed a fence in the back of the building that limited the outdoor space available to the children.

From 1998 through 2001, the Municipality renewed the lease. When Mayor Trujillo assumed office in January 2001, the Municipality had already begun to search for another property to house the school because of the lack of outdoor space at Moringlane's property.

In June 2001, the Municipality extended Moringlane's contract for six months but told her that it was looking to move the school. The Municipality nevertheless extended Moringlane's

lease because it was unable to locate a suitable alternative site. In the meantime, the Municipality learned that Moringlane's property suffered from several health and safety problems in addition to the lack of adequate outdoor space. On May 27, 2003, Mayor Trujillo signed a letter stating that the lease would be terminated.

A defendant is entitled to summary judgment on a political discrimination claim when the undisputed facts establish a legitimate, non-discriminatory explanation for the adverse decision. See Aquiar-Carrasquillo v. Agosto-Alicea, 445 F.3d 19, 26-27 (1st Cir. 2006). The undisputed facts establish that the defendants ended their lease with Moringlane because her property was not a suitable site for housing a Head Start school due to health and safety problems and the lack of outdoor space. The plaintiffs allude to evidence that they contend supports their claim that political discrimination was the real reason for the defendants' decision to end the lease, but none of this evidence is properly before us because the plaintiffs failed to timely oppose the defendants' motion for summary judgment. As is often true, the plaintiffs' "failure to oppose summary judgment is fatal to [their] case." Perez-Cordero, 440 F.3d at 534.

**Affirmed**.