Dennis ALGARÍN, Plaintiff,

v.

John E. POTTER, Defendant.

Civil No. 08–2354 (JAF).

United States District Court,
D. Puerto Rico.

Jan. 19, 2010.

Edelmiro Antonio Salas–Gonzalez, San Juan, PR, for Plaintiff.

Lisa E. Bhatia–Gautier, United States Attorneys Office, District of Puerto Rico, San Juan, PR, for Defendant.

### OPINION AND ORDER

JOSÉ ANTONIO FUSTÉ, Chief Judge.

Plaintiff, David Algarín, brings the present action under the federal-sector provision of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a(a), against Defendant, U.S. Postal Service Postmaster General John E. Potter. (Docket No. 1.) Defendant moves for summary judgment (Docket No. 26), and Plaintiff opposes (Docket No. 34).

### I.

### Factual and Procedural History

We derive the following factual and procedural summary from the parties' pleadings, motions, exhibits, and statements of uncontested facts. (Docket Nos. 1; 15; 26; 27; 28; 32; 34; 37; 38; 41.) We briefly state here only those facts material to the motion at hand.

Plaintiff, born January 9, 1950, worked during all times relevant to this case as a customer-services supervisor for the U.S. Postal Service. In 2001, Plaintiff's supervisor, Israel Ortiz, awarded Plaintiff for excellence in his work. In 2002, Plaintiff applied for a promotion, to Loíza postmaster, but was not selected. Following that decision, on August 31, 2002, Plaintiff sought Equal Employment Opportunity ("EEO") counseling, alleging that the deciding official, Joshua Quiñones, had discriminated against him on the basis of sex and age. He again sought counseling on August 10, 2003, this time alleging that Ortiz had discriminated against him on the basis of sex and age.

The episode of alleged retaliation that instigated the present suit began around September 2003, when Plaintiff again applied to fill the Loíza postmaster position. Raymond Simonetti, who eventually was selected for the job, also applied; he and Plaintiff are the same age and held the same position, but Simonetti had fewer years of experience. Both were recommended by a reviewing committee and advanced to the group of four finalists for the position. The selecting official was Quiñones. On December 15, 2003, Quiñones offered the position to Simonetti, who accepted.

Quiñones reported that he selected Simonetti over Plaintiff because Plaintiff, unlike Simonetti, had been the target of employee complaints and had a history of trouble with supervisors. But Plaintiff submits evidence that Simonetti, too, had been the target of disciplinary letters and that Quiñones most likely knew about them before he selected Simonetti. (*See* Docket No. 32–5.) The evidence also shows that during the selection process, Quiñones sought the advice of Ortiz, who did not recommend Plaintiff for the position. Ortiz told Quiñones at that time that Plaintiff had a history of filing grievances and suits against supervisors, activity that Ortiz thought "disloyal". Quiñones reported that he relied heavily on Ortiz' opinion when he made his decision.

On February 9, 2004, Plaintiff contacted an EEO counselor alleging that Quiñones' decision denying him the Loíza postmaster position was retaliation for his prior EEO activity. He filed a formal complaint to that effect on June 14, 2004. Plaintiff exhausted his retaliation claim through the administrative process and was ultimately unsuccessful. (*See* Docket No. 28 at 5–6.)

On December 3, 2008, Plaintiff filed suit in this court. (Docket No. 1.) Defendant moved for summary judgment on October 16, 2009. (Docket No. 26.) Plaintiff responded (Docket No. 34); Defendant replied to that response (Docket No. 37); and Plaintiff surreplied to that reply (Docket No. 41).

## II.

### *Summary Judgment Under Rule 56(c)*

We grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A factual dispute is "genuine" if it could be resolved in favor of either party and "material" if it potentially affects the outcome of the case. *Calero–Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir.2004). In evaluating a motion for summary judgment, we view the record in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

The movant carries the burden of establishing that there is no genuine issue as to any material fact. *Celotex Corp. v. Ca-*

*trett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must 'produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue.'" *Clifford v. Barnhart,* 449 F.3d 276, 280 (1st Cir. 2006) (quoting *Triangle Trading Co. v. Robroy Indus., Inc.,* 200 F.3d 1, 2 (1st Cir.1999)). The nonmovant "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2).

## III.

### *Analysis*

Defendant argues that he is entitled to summary judgment because Plaintiff neither exhausted his administrative remedy as to his claim of age discrimination nor can establish a prima-facie case for age discrimination. (Docket No. 27.) Defendant further argues that, having no viable age-discrimination claim, Plaintiff cannot succeed on his claim for retaliation. (*Id.*) We address each argument in turn, noting at the outset that a claim of discrimination on the basis of age and a claim of retaliation for ADEA-protected activity are two separate claims. *See Gomez–Perez v. Potter,* 553 U.S. 474, 128 S.Ct. 1931, 1943, 170 L.Ed.2d 887 (2008) (contemplating separate claims).

### A. *Plaintiff's Age–Discrimination Claim*

In his complaint, Plaintiff alleges age discrimination under the ADEA, claiming that Defendant selected "a younger, less qualified person" for the Loíza postmaster promotion. (*See* Docket No. 1 at 7–8.) But in his opposition to summary judgment, and surreply to Defendant's response to same, Plaintiff effectively refines his claim to be solely one of retaliation. (*See* Docket No. 34 at 13 (decrying Defendant's mischaracterization of Plaintiff's claim as one of "substantive age discrimination"); 41 at 2–5 (same); *id.* at 4 ("*This case is not about* whether Mr. Simonetti was much younger that [sic] Mr. Algarín, it is about whether Mr. Algarín was denied the promotions because he was filing 'grievances' and 'suits' based on age and other reasons . . . ." (emphasis in original)).) We, thus, conclude that Plaintiff has abandoned his claim of discrimination on the basis of age, and we decline to consider same. *Cf. Schneider v. Harrison Elec. Workers Trust Fund,* 382 F.Supp.2d 261, 263 (D.Mass.2005) (dismissing ERISA claim that the court found abandoned by plaintiff during summary judgment), *aff'd, Schneider v. Local 103 I.B.E.W. Health Plan,* 442 F.3d 1, 2 (1st Cir.2006).

### B. *Retaliation Under § 633a(a)*

█ The ADEA proscribes an employer's retaliation against an employee who "invoke[s] the statute's protections." *Ramirez Rodriguez v. Boehringer Ingelheim Pharms., Inc.,* 425 F.3d 67 (1st Cir.2005) (discussing 29 U.S.C. § 623(d)); *see Gomez–Perez,* 128 S.Ct. at 1936 (recognizing that said proscription applies to claims filed under 29 U.S.C. § 633a). To establish a prima-facie case of retaliation, a plaintiff must show that "(i) he engaged in ADEA-protected conduct, (ii) he was thereafter subjected to an adverse employment action, and (iii) a causal connection existed between the protected conduct and the adverse action." *Ramirez Rodriguez,* 425 F.3d at 84 (quoting *Mesnick v. Gen. Elec. Co.,* 950 F.2d 816, 827 (1st Cir.1991)).

█ Once the plaintiff establishes a prima-facie case, the burden shifts to the employer to proffer a nondiscriminatory reason for the adverse action. *Id.* If the

employer does so, the plaintiff then must show that the employer's reason is "pretext masking retaliation." *Id.* At that point, the court considering summary judgment must determine "whether the aggregate evidence of pretext and retaliatory animus suffices to make out a jury question." *Id.* (quoting *Mesnick*, 950 F.2d at 827).

Defendant makes no argument regarding the sufficiency of Plaintiff's prima-facie case of retaliation (*see* Docket Nos. 27; 37); he instead argues that Plaintiff's retaliation claim must fail due to the failure of his age-discrimination claim (Docket No. 27 at 5). In so arguing, Defendant misapplies *Franceschi v. U.S. Department of Veterans Affairs*, 514 F.3d 81 (1st Cir. 2008), wherein the First Circuit discussed the permissibility of entertaining retaliation claims that were not exhausted during administrative proceedings. There, the court found that while a plaintiff need not have exhausted his retaliation claim, so long as he exhausted an underlying discrimination claim, that "bootstrapped" retaliation claim cannot survive where the underlying claim itself is dismissed for failure to exhaust. *Franceschi*, 514 F.3d at 86–87. That finding is inapposite to the case at hand, as Plaintiff's retaliation claim is not bootstrapped; Plaintiff exhausted his retaliation claim before the EEOC (*see, e.g.*, Docket No. 28–4). Here, instead, we apply clear First Circuit precedent that a retaliation claim does not depend on the viability of an underlying discrimination claim. *See, e.g., Ramirez Rodriguez*, 425 F.3d at 84 n. 20 ("It is not essential to a plaintiff's prima facie case [of retaliation for ADEA-protected activity] that the underlying conduct actually constitute an ADEA violation.").

Applying the proof structure laid out in *Rodriguez Ramirez*, and despite Defendant's failure to address the issue, we now consider whether Plaintiff has presented "evidence from which a reasonable jury could infer that the employer retaliated against him for engaging in ADEA-protected activity." *Mesnick*, 950 F.2d at 828; *see id.* at 828–29 (discussing evidence of retaliation sufficient to survive summary judgment). First, we find that Plaintiff can establish a prima-facie case of discrimination. Plaintiff filed an ADEA complaint, *see, e.g., Fantini v. Salem State College*, 557 F.3d 22, 32 (1st Cir.2009) (deeming formal and informal complaints of Title VII discrimination statutorily-protected activity); [1] he thereafter suffered an adverse employment action when he was refused the Loíza postmaster promotion, *see White v. N.H. Dep't of Corr.*, 221 F.3d 254, 262 (1st Cir.2000) ("Adverse employment actions include ... refusals to promote ...." (internal quotation marks omitted)); and record evidence suggests that Quiñones denied Plaintiff's promotion in retaliation for Plaintiff's earlier complaint.[2] Next, we find that Defendant has offered a nondiscriminatory reason for the

---

1. As to ADEA-protected activity that serves as the trigger for alleged retaliation, a plaintiff "must demonstrate only that [he] had a good faith, reasonable belief that the underlying challenged actions of the employer violated the law." *Fantini*, 557 F.3d at 32 (internal quotation marks omitted). Defendant in this case does not claim that Plaintiff filed the relevant EEO complaints in bad faith.

We note for the sake of clarity that while *Fantini* was a Title VII suit, the same analysis applies in the ADEA context. *See Fennell v.*

*First Step Designs, Ltd.*, 83 F.3d 526, 535 n. 9 (1st Cir.1996) ("The analytical framework for ADEA discrimination and retaliation cases was patterned after the framework for Title VII cases, and our precedents are largely interchangeable.")

2. To explain this finding, we need only reference Ortiz' deposition, which describes the impression of Plaintiff that heavily influenced Quiñones' decision: "[H]e's a constant complainer, didn't get along with anybody, filing grievances, suits everywhere you go, you

decision not to promote Plaintiff, namely that Plaintiff had trouble with employees and supervisors alike. *See supra* Part I. Finally, we find that plaintiff has presented evidence sufficient to support a reasonable juror's inference that Defendant's reason is pretextual.[3] Considering the evidence as a whole, we conclude that Plaintiff meets the *Mesnick* standard, *supra,* for surviving summary judgment on his retaliation claim.

## IV.

### Conclusion

For the reasons stated herein, we **GRANT IN PART** and **DENY IN PART** Defendant's motion for summary judgment (Docket No. 26). We **DISMISS** Plaintiff's claim of age discrimination, but we **RETAIN** Plaintiff's retaliation claim.

**IT IS SO ORDERED.**

know? To me, that's disloyal." (Docket No. 38–6 at 3.) This supports the inference that retaliation motivated the adverse employment action in this case. *See DeCaire v. Mukasey,* 530 F.3d 1, 20 (1st Cir.2008) ("[T]he protesting of illegal discrimination is protected by law and cannot be a basis for a loyalty test.").

3. For example, Quiñones claimed that he selected Simonetti over Plaintiff because Simonetti experienced no conflict with employees or supervisors. *See supra* Part I. But Plaintiff's evidence shows that distinction illusory. *Id.* This calls into question the distinction that Quiñones claims drove his decision, leaving room for the inference that his decision was retaliatory.