# United States Court of Appeals
## For the First Circuit

No. 21-1839

NATHALIE NICOLE RIVERA-APONTE and DENISE M. APONTE-TORRES,

Plaintiffs, Appellants,

v.

GOMEZ BUS LINE, INC. and PONCE PARAMEDICAL COLLEGE, INC.,

Defendants, Appellees,

JOSE MIGUEL PEREZ-TORRES,

Defendant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]
[Hon. Camille L. Vélez-Rivé, U.S. Magistrate Judge]

Before

Barron, Chief Judge,
Selya and Montecalvo, Circuit Judges.

David Efron and Law Offices of David Efron, P.C. on brief for appellants.
Giselle Colon-de-Ferenczi and Nachman & Guillemard, PSC on brief for appellees.

March 6, 2023

**SELYA**, **Circuit Judge**. To ensure the fair and prompt adjudication of cases, a district court must be able to manage its docket effectively and efficiently. To this end, we afford district courts a wide margin of discretion in the performance of their case-management functions. In the present proceeding, appellants Nathalie Nicole Rivera-Aponte (Rivera) and her mother, Denise Aponte-Torres (Aponte), challenge a case-management order that resulted in the striking of their opposition to pending motions for summary judgment. After careful consideration, we uphold the challenged order, reject the plaintiffs' claims of error, and affirm the judgment below.

**I**

We first rehearse the relevant facts and travel of the case. Because our review follows the entry of summary judgment, "we take the facts and the reasonable inferences therefrom in the light most" favorable to the non-moving parties (here, Rivera and Aponte). Pleasantdale Condos., LLC v. Wakefield, 37 F.4th 728, 730 (1st Cir. 2022).

In October of 2015, Rivera was a student at Ponce Paramedical College (the College) in Ponce, Puerto Rico. On the morning of October 22, Rivera boarded a bus operated by Gomez Bus Line, Inc. (GBL), a company under contract with the College to provide transportation services to students. The bus was driven by Jose Miguel Perez-Torres (Perez), a GBL employee, and Perez

convinced Rivera to accompany him on a trip to a nearby sports complex. Upon their arrival, Perez parked the bus in a secluded spot, assaulted Rivera, and raped her.

A civil action in the United States District Court for the District of Puerto Rico ensued, based on diversity jurisdiction. See 28 U.S.C. § 1332(a). As this appeal turns entirely on the travel of that case, we set out a chronology of the relevant events, listing them in line with the dates that appear on the district court's docket.

- On December 22, 2016, Rivera and Aponte (collectively, the plaintiffs) sued GBL and the College (collectively, the defendants) in the district court.[1] The plaintiffs alleged that — through fault or negligence — the defendants "breached their duty to exercise due care in selecting their personnel, maintaining a safe environment, and safeguarding and protecting [Rivera] while she was [o]n the bus."

- On May 11, 2017, the district court issued its initial scheduling order. See Fed. R. Civ. P. 16(b). The order set March 30, 2018, as the date

---

[1] The plaintiffs' complaint also named Perez as a defendant. Perez did not seasonably answer the complaint, and a default was entered against him. See Fed. R. Civ. P. 55(a). That default later ripened into a default judgment in the amount of $450,000.

for the close of discovery. Dispositive motions were to be filed no later than May 31, 2018.

- On April 2, 2018, the district court granted the College's motion to extend the deadlines for completing discovery and for filing dispositive motions. The court set June 29, 2018, as the deadline for both and further specified that oppositions to the dispositive motions were to be filed by July 16. The court warned that absent "grave cause," those dates were "final."

- On June 18, 2018, the district court granted the College's second motion for an extension of time to file dispositive motions. The court extended the deadline to July 16, 2018, and the deadline for oppositions to July 23, 2018. The court admonished that "[n]o extensions w[ould] be allowed."

- On July 16, 2018, the defendants filed motions for summary judgment, see Fed. R. Civ. P. 56, and statements of material facts not in dispute, see D.P.R. Civ. R. 56(b).

- July 23, 2018 — the due date for the plaintiffs' opposition to the summary judgment motions — came and went without any opposition papers being filed. Instead, the plaintiffs filed an "urgent motion" to

- 4 -

reopen discovery so that they could "depose two key witnesses." The plaintiffs did not specify any timeline for this additional discovery. They did request, though, that the court grant them ten days following the conclusion of the depositions in which to file an opposition to the summary judgment motions.

- On August 31, 2018, the district court granted the plaintiffs' motion to reopen discovery. The order did not set a deadline for the taking of the additional depositions. At the same time, the district court referred the pending motions for summary judgment to a magistrate judge for a report and recommendation. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1).

- On September 24, 2018, the plaintiffs took the depositions of the witnesses identified in their July 23 motion.

- On October 5, 2018, the College moved for an order "affirming that all dispositive motions have been submitted for resolution and no further associated filings will be allowed." It pointed out that more than ten days had passed since the depositions were taken and that, therefore, "the period for [the]

[p]laintiffs to file oppositions to [the] [d]efendants' dispositive motions [had] expired." GBL subsequently joined the College's motion.

- On October 9, 2018, the plaintiffs moved for a ten-day extension of time to file an opposition to the defendants' motions for summary judgment. In support, the plaintiffs explained that they had just received the transcripts of the September 24 depositions. They added that, although their July 23 motion was not explicit on the subject, "it should have been apparent" that the motion contemplated that the ten-day extension requested "would necessarily run from the receipt of the" deposition transcripts. The plaintiffs assured the court that their request for a "brief 10-day extension" was the "final" extension they would need. Later the same day, the magistrate judge granted the plaintiffs' motion for a ten-day extension and set a deadline of October 19, 2018, for the filing of the plaintiffs' opposition to the pending motions for summary judgment. The magistrate also denied the defendants' October 5 motion as moot.

- The plaintiffs did not file an opposition to the pending motions for summary judgment before the deadline expired. And it was not until October 29, 2018, that the plaintiffs filed a "motion for leave to file late," seeking leave to file their opposition papers "instanter." At the same time, they tendered their proposed opposition to the defendants' motions for summary judgment and their counter-statements of material facts. See D.P.R. Civ. R. 56(c). To excuse their dilatory filing, the plaintiffs asserted that — in the interval between their counsel's receipt of the deposition transcripts and the filing of their opposition — their counsel "had a number of legal urgent matters which accumulated, including preparation for an upcoming trial and pre-trial," which prevented him from "working on the deposition testimony earlier."

- On the same day, the defendants moved to strike the plaintiffs' untimely opposition papers and to treat the pending motions for summary judgment as unopposed.

- On October 30, 2018, the magistrate judge denied the plaintiffs' motion for leave to file out of time, pointedly noting that "[t]he fact that an

- 7 -

attorney has other fish to fry is not an acceptable reason for disregarding a court order" (quoting Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 5 (1st Cir. 2002)). And in a separate order, the magistrate judge granted the defendants' motion to strike the plaintiffs' untimely filings.

- Hours later, the plaintiffs moved for reconsideration.

- On November 1, 2018, the magistrate judge denied the motion for reconsideration.

- On January 31, 2019, the magistrate judge issued a report and recommendation (the R&R) recommending that the district court grant the defendants' motions for summary judgment (which the magistrate judge treated as unopposed).

- On February 14, 2019, the plaintiffs objected to the R&R. See Fed. R. Civ. P. 72(b)(2). Their objection focused exclusively on the magistrate judge's order striking their opposition, characterized that order as "too severe a sanction" for their untimely filing, and submitted that the defendants were not prejudiced by the delay.

• On March 6, 2019, the district court adopted the R&R and granted the defendants' motions for summary judgment. The court stated that the plaintiffs' objections "misconstrue[d]" the magistrate judge's order striking their untimely opposition papers and her subsequent recommendation that summary judgment be entered in the defendants' favor. Rivera-Aponte v. Gomez Bus Line, Inc., No. 16-3181, slip op. at 1 (D.P.R. Mar. 6, 2019) (unpublished). The court explained that the plaintiffs' "claims against [the defendants] are being dismissed with prejudice based on the record and the applicable law, not as a Fed[eral] R[ule] [of] Civ[il] P[rocedure] 16(f) sanction for their failure to timely oppose the Motions for Summary Judgment and comply with the [magistrate judge's] related orders." Id. (emphasis in original). The district court further explained that one consequence of the magistrate judge's earlier orders was that the court could accept the defendants' allegedly uncontested facts as true. The court made clear that it was granting summary judgment based on the way in which the law applied to those uncontested facts.

The district court proceeded to enter a partial judgment, dismissing the claims against the defendants. A final judgment was entered on September 27, 2021.[2] This timely appeal followed.

## II

In this venue, the plaintiffs reassert their claim that the magistrate judge erred by denying their motion for a further extension of time and striking the materials that they belatedly filed in opposition to the defendants' motions for summary judgment. They also argue for the first time that — even if there was no error in these rulings — summary judgment was not warranted. We address these arguments in turn.[3]

---

[2] The delay in entering a final judgment related to Perez's default. See supra note 1. It was not until September 27, 2021, that the district court entered its final judgment against Perez.

[3] It is at least arguable that the plaintiffs forfeited the first of these claims by failing to object to the magistrate judge's order within fourteen days of the date of service of that order. See Fed. R. Civ. P. 72(a) (explaining that when magistrate judge enters order resolving nondispositive matter, aggrieved "party may serve and file objections to the order within [fourteen] days after being served with a copy" of that order); see also ML-CFC 2007-6 P.R. Props., LLC v. BPP Retail Props., LLC, 951 F.3d 41, 46-49 (1st Cir. 2020) (describing analysis used to determine whether matter is dispositive or nondispositive). The defendants, however, have not advanced any such argument, and both the magistrate judge and the district court denied the plaintiffs' claims for relief on the merits. In these circumstances, we deem the fourteen-day argument waived.

## A

We start by addressing the plaintiffs' contention that the magistrate judge abused her discretion by denying their motion for a further extension of time and striking their opposition papers.[4] The plaintiffs concede that they ignored the deadline for filing their opposition papers. But they contend that — to the extent that their tardiness should have resulted in any detrimental action at all — the magistrate judge should have resorted to less draconian measures.

In weighing these contentions, we do not write on a pristine page. We have made it pellucid that district courts are endowed with sweeping case-management authority. See Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998). This authority includes the power to "set[] deadlines for the filing of" dispositive motions and responses thereto. Id. As a necessary corollary, this authority also includes the power to insist upon compliance with those deadlines. See Pérez-Cordero v. Wal-Mart P.R., 440 F.3d 531, 533 (1st Cir. 2006).

Over the years, we have recognized that district courts have broad discretion in determining how best to deter parties

---

[4] As a technical matter, we review the final judgment of the district court, not the magistrate judge's order itself. See 28 U.S.C. § 1291. But because the parties have briefed and argued the issue in terms of the magistrate judge's exercise of her discretion in matters of case management, we address the question on that basis.

from flouting filing deadlines. A district court, for example, may respond to a missed deadline by imposing monetary sanctions, see McKeague v. One World Techs., Inc., 858 F.3d 703, 706 (1st Cir. 2017); by excluding evidence, see Martínez-Serrano v. Quality Health Servs. of P.R., Inc., 568 F.3d 278, 283 (1st Cir. 2009); or by striking untimely submissions, see Shell Co. (P.R.) v. Los Frailes Serv. Station, Inc., 605 F.3d 10, 24-25 (1st Cir. 2010). When circumstances warrant, a court may even dismiss a case outright. See, e.g., McKeague, 858 F.3d at 706-08; Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 45-46 (1st Cir. 2002). Given the amply stocked armamentarium that is available to a district court to combat the flouting of court-ordered deadlines, "a litigant who ignores a case-management deadline does so at his peril." Rosario-Diaz, 140 F.3d at 315; see Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005).

The choice as to how to respond to a flouted deadline in any particular case is largely for the district court. This is merely a subset of the principle that district courts possess wide latitude in the exercise of their case-management authority. See Jones v. Winnepesaukee Realty, 990 F.2d 1, 5 (1st Cir. 1993). Given that "case management is a fact-specific matter [uniquely] within the ken of the district court," appellate review of case-management decisions is highly deferential — and we review such decisions only for "clear abuse of discretion." Tubens v. Doe,

- 12 -

976 F.3d 101, 107 (1st Cir. 2020) (quoting <u>Robson</u> v. <u>Hallenbeck</u>, 81 F.3d 1, 2-3 (1st Cir. 1996)). Under this standard, "a disgruntled litigant 'bears a formidable burden in attempting to convince the court of appeals that the lower court erred.'" <u>Rosario-Diaz</u>, 140 F.3d at 315 (quoting <u>United States</u> v. <u>One 1987 BMW 325</u>, 985 F.2d 655, 657 (1st Cir. 1993)).

A careful review of the record in this case indicates that the magistrate judge acted within the ambit of her discretion in denying the plaintiffs' motion for a further extension of time and striking their untimely opposition papers. Of decretory significance here, the deadline that the plaintiffs disregarded was one that they themselves had requested. As we previously have said, "when a litigant seeks an extension of time and proposes a compliance date, the court is entitled to expect that the litigant will meet its self-imposed deadline." <u>Cintrón-Lorenzo</u> v. <u>Departamento de Asuntos del Consumidor</u>, 312 F.3d 522, 526 (1st Cir. 2002) (internal alteration omitted) (quoting <u>Tower Ventures</u>, 296 F.3d at 47). Thus, a party's noncompliance with a deadline that she herself suggested creates a particularly inhospitable landscape for a claim that a court abused its discretion in holding her to that deadline. <u>See</u> <u>Fernández-Salicrup</u> v. <u>Figueroa-Sancha</u>, 790 F.3d 312, 321 (1st Cir. 2015).

That is precisely the situation here. On October 9, 2018, the plaintiffs sought a ten-day extension of time in which

to submit their opposition papers, assuring the court that such an extension was the "final" one they would need. The magistrate judge obliged and granted the ten-day extension. Yet the plaintiffs let this deadline pass without so much as a by-your-leave: they neither made the anticipated submission nor asked the court for additional time. Cf. Shell Co., 605 F.3d at 25 (noting appellant's failure "to request a filing extension" as one factor supporting affirmance of order striking untimely summary judgment motion); Rosario-Diaz, 140 F.3d at 315 (similar). Having taken the plaintiffs at their word that ten days would be sufficient for them to prepare and file their opposition, the magistrate judge was under no obligation to allow the plaintiffs to disregard the filing date that they themselves had selected and to allow them to make a belated submission. Court-imposed deadlines ought to be taken seriously, and litigants flout them at their own risk.

To cinch the matter, the plaintiffs failed to advance a "convincing reason" that might justify their procrastination. Shell Co., 605 F.3d at 25. The plaintiffs suggest that they had "good cause" for delay because their counsel encountered "a number of [urgent legal] matters which accumulated" during the period immediately following their extension request. The "[urgent legal] matters" included two looming trials and the need to perform ancillary work.

This explanation is old hat: it is emblematic of an excuse that we have rejected time and again. See Chamorro, 304 F.3d at 5 (collecting cases). As we pointed out over forty years ago, "[m]ost attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences." Pinero Schroeder v. Fed. Nat'l Mortg. Ass'n, 574 F.2d 1117, 1118 (1st Cir. 1978) (per curiam). To put it bluntly, "the fact that [one's] counsel may have bitten off more than he could chew does not exempt [a litigant] from meeting court-appointed deadlines." Vélez v. Awning Windows, Inc., 375 F.3d 35, 40 (1st Cir. 2004); see Mulero-Abreu v. P.R. Police Dep't, 675 F.3d 88, 91, 94-95 (1st Cir. 2012) (affirming dismissal of case with prejudice as a consequence of late filing).

In an effort to locate an off-ramp, the plaintiffs try to change the subject. They argue that the magistrate judge's decision to strike their untimely filings was — in essence — a decision to dismiss their case on the merits. Proceeding from this premise, they argue that the magistrate judge imposed "the harshest of sanctions" without either providing adequate warning or determining whether their conduct was so "extreme" as to warrant so harsh a remedy. And they add that this harsh sanction was imposed even though the record does not suggest that their delay prejudiced the defendants.

The premise on which the plaintiffs rely is faulty. The magistrate judge's decision to strike their opposition was not "tantamount" to dismissing their case on the merits. See Torres-Rosado v. Rotger-Sabat, 335 F.3d 1, 4 (1st Cir. 2003) (explaining that failure timely to oppose summary judgment "does not mean the unopposed party [automatically] wins"). Of course, the magistrate judge's decision to strike the plaintiffs' opposition papers had serious consequences: it entitled both the magistrate judge and the district court to treat the defendants' motions as unopposed. See Pérez-Cordero, 440 F.3d at 533-34; Cordero-Soto v. Island Fin., Inc., 418 F.3d 114, 118 (1st Cir. 2005); Vélez, 375 F.3d at 41. So, too, it allowed them to "accept as true all material facts set forth" in the defendants' statements of uncontested material facts to the extent those facts were "adequately supported by the record." De La Vega v. San Juan Star, Inc., 377 F.3d 111, 116 (1st Cir. 2004) (quoting Jaroma v. Massey, 873 F.2d 17, 21 (1st Cir. 1989)).

Even so, a court confronted with an unopposed summary judgment motion is still required "to test the undisputed facts in the crucible of the applicable law in order to ascertain whether [summary] judgment is warranted." Vélez, 375 F.3d at 42; see Fed. R. Civ. P. 56(a). The magistrate judge was cognizant of that obligation. She canvassed the uncontested facts, measured them against the law applicable to the plaintiffs' claims, and wrote a

well-reasoned twenty-seven-page R&R, culminating in a recommendation that the district court grant summary judgment. The district court adopted the R&R and — based on its de novo review of the record — entered summary judgment in favor of the defendants. Seen in this light, the plaintiffs' claim that the magistrate judge's striking of their opposition papers was itself a death sentence for their case, without any regard to the merits of the defendants' summary judgment filings, simply will not wash.[5]

In addition, the plaintiffs' complaint that the magistrate judge struck their opposition without providing them "prior" or "suitabl[e]" warning is unavailing. As authority, the plaintiffs invoke our decision in Velázquez Linares v. United States, 546 F.3d 710, 711-12 (1st Cir. 2008). But Velázquez Linares stands only for the unremarkable proposition that a district court should generally provide warning before dismissing a case as a sanction for a litigant's noncompliance with an

_____

[5] We note that — at this juncture — the deposition transcripts had not been made part of the record. It was only with their untimely opposition papers that the plaintiffs filed Spanish-language transcripts of the depositions together with a "Motion for Leave to File Spanish Language Document and Request for Extension of Time to File Translation." The plaintiffs requested an additional twenty days in which to file certified English translations. Treating the defendants' motions for summary judgment as unopposed, therefore, did not entail ignoring facts that the plaintiffs had since properly introduced into the record. See D.P.R. Civ. R. 5(c) ("All documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English . . . .").

unambiguous court order.  See id. at 712; see also Pomales v. Celulares Telefonica, Inc., 342 F.3d 44, 49-50 (1st Cir. 2003) (collecting cases).  Here, however, the magistrate judge's order striking the plaintiffs' opposition papers was not a dismissal of the plaintiffs' case.

In the posture of this case, we do not think that the magistrate judge was obligated to spell out for the plaintiffs the potential consequences of failing to abide by the October 19 deadline that they themselves had requested.  Where, as here, a court has "set[] a reasonable due date," the parties are expected to act by that date or risk "the foreseeable consequences of noncompliance."  Mendez v. Banco Popular de P.R., 900 F.2d 4, 7 (1st Cir. 1990).  A foreseeable consequence of noncompliance with the deadline set by the magistrate judge — a deadline that the plaintiffs asked for and represented would be "final" — was a decision striking the plaintiffs' untimely submission.  See, e.g., Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Stop Treaty Abuse-Wis., Inc., 991 F.2d 1249, 1257 (7th Cir. 1993).

Nor does the plaintiffs' argument that their conduct was not so "extreme" as to warrant the striking of their opposition gain them any traction.  We have held that "disobedience of [a] court['s] [case-management] orders, in and of itself, constitutes extreme misconduct."  Tower Ventures, 296 F.3d at 46.

- 18 -

And, finally, the plaintiffs' assertion that the defendants were not prejudiced by their delay in filing misses the point. Even when there is no prejudice to a party, disregarding court-imposed deadlines works "prejudice to the court itself, which has a 'strong institutional interest in ensuring that litigants honor court orders' so that it may efficiently administer its docket." United States v. 2008 33' Contender Model Tournament Vessel, 990 F.3d 725, 727 (1st Cir. 2021) (quoting Tower Ventures, 296 F.3d at 47). If parties were free to treat court orders as optional, the administration of justice would become as chancy as the menu at a potluck supper.

To say more would be to paint the lily. In the circumstances at hand, we conclude, without serious question, that the plaintiffs have not shown that the magistrate judge abused her discretion by denying them a further extension of time and striking their late-filed submission.

**B**

The plaintiffs have one last shot in their sling. They claim that — even without consideration of their opposition papers — the district court erred in granting summary judgment in favor of the defendants. Their intimation, of course, is that the stripped down record reveals genuine issues of material fact.

This claim is doubly waived. First, the plaintiffs do not point to any specific evidence or develop any particularized

arguments identifying discrete factual issues that are in dispute. And it is "the settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). Second, the plaintiffs did not challenge the R&R on this basis when they filed their objections in the district court. And it is equally well-settled that "only those issues fairly raised by the objections to the magistrate's report are subject to review in the district court and those not preserved by such objection are precluded on appeal." School Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (quoting Keating v. Sec'y of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988)); see D.P.R. Civ. R. 72(d) (requiring "written objections . . . specifically identify[ing] the portions of the proposed findings and recommendations to which objection is made and the basis for the objection").

## III

We need go no further. For the reasons elucidated above, we uphold the challenged order, reject the plaintiffs' claims of error, and affirm the judgment below.


**Affirmed**.